GENOVA BURNS LLC
Peter Berk
494 Broad Street
Newark, NJ 07102
TEL: (973) 533-0777
FAX: (973) 533-1112
Attorneys for Defendant,
MXD Group, Inc.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CAMILLO ECHAVARRIA, JONATHAN MARK ADELS, JAMES LABRIE, MAYCOL GOMEZ, PLINIO ANGULO, JOSE CRUZ, HENRY RIVERA, JOSE SANTOS, REINALDO RODRIQUEZ, ANDRES CRUZ, and CARLOS VARGAS,<br><br>  On behalf of themselves and all other similarly situated persons<br><br>  Plaintiffs,<br><br>v.<br><br>WILLIAM SONOMA, INC., J&J TRUCKING, INC. (a/k/a JJP), MXD, Inc. (f/k/a EXEL DIRECT, INC.), ABC CORP., & JANE AND JOHN DOES<br><br>  Defendants. | Case No.: _____<br><br>**Class Action Removal From:**<br>**Superior Court of New Jersey**<br>**Law Division, Middlesex County**<br>**Docket No. MID-L-6373-12** |

TO:  William T. Walsh, Clerk
     United States District Court
     District of New Jersey
     Clarkson S. Fisher Building and U.S. Courthouse
     401 East State Street, Room 2020
     Trenton, New Jersey 08608

     Ravi Sattiraju, Esq.                    Paul A. O'Conner, Esq.
     The Sattiraju Law Firm                  O'Conner, Parsons & Lane, LLC
     116 Village Boulevard, Suite 200        435 Broad Street
     Princeton, New Jersey 08540             Westfield, New Jersey 07090

     Jonathon Stoler                         Anthony S. Almeida
     Brian Murphy                            Mashel Law, L.L.C.
     Sheppard Mullin                         500 Campus Drive, Suite 3030
     Richter & Hampton, LLP                  Morganville, NJ  07751
     30 Rockefeller Plaza
     New York, NY  10112-0015

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant, MXD Group, Inc. (f/k/a Exel Direct Inc., and improperly identified in the Third-Amended Complaint as "MXD, Inc.") ("MXD"), respectfully removes this case from the Superior Court of New Jersey, Law Division, Middlesex County, New Jersey (the "State Superior Court"), to the United States District Court for the District of New Jersey.  In support of this removal, MXD states as follows:

1.   **The Action.**  Plaintiff Camillo Echavarria filed his Class Action Complaint and Jury Demand captioned *Camillo Echavarria on behalf of herself [sic] and all other similarly situated persons v. William Sonoma, Inc., J&J Trucking, Inc., 3PD, Inc., ABC Corp., and Jane and John Does, Docket No. MID-L-6373-12* in the State Superior Court on September 19, 2012.  A Second Amended Complaint was filed October 30, 2013 that dropped 3PD, Inc. from the lawsuit and named MXD as a new co-defendant.[1]  A Third Amended Class Action Complaint and Jury Demand ("Third-Amended Complaint" or "TAC") was filed in the State Superior Court on October 17, 2014 that added 10 new Plaintiffs to the case.  The Third-Amended Complaint asserts a cause of action for purported violations of New Jersey's Wage and Hour Law (N.J. Stat. § 34:11-56a *et seq.*).  *TAC*, ¶¶ 38-40.

On November 17, 2014, MXD timely filed a Notice of Removal based on 28 U.S.C. § 1332(d)(2) to the U.S. District Court for the District of New Jersey. No. 3:14-cv-07207-AET-LHG (D.N.J. Nov. 17, 2014) (ECF No. 1).[2] Williams-Sonoma joined in the Notice of Removal on November 24, 2014. ECF No. 8. Plaintiffs filed a motion to remand on December 17, 2014.  ECF No.

---

[1] There was no First Amended Complaint filed in this case.

[2] All ECF references are to the United States District Court for New Jersey docket in this case prior to the remand.

11. This Court granted the motion to remand on February 6, 2015. ECF No. 17.

Copies of all pleadings and papers served on MXD in the State Superior Court of which MXD is aware, are attached as *Exhibit A*.

2. **Statutory Grounds for Removal**. This action is removable under 28 U.S.C. § 1453. 28 U.S.C. § 1453 provides for the removal of state court civil actions over which U.S. District Courts have original jurisdiction. As explained in more detail below, this Court has original jurisdiction over this case under 28 U.S.C. § 1332(d)(2) because this is a class action in which the proposed class includes at least 100 members, the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and at least one Plaintiff and one Defendant are citizens of different states. For these reasons, this action is removable pursuant to 28 U.S.C. § 1453, which provides that a class action may be removed to federal court in accordance with 28 U.S.C. § 1446.

Subsequent removals to federal court are permitted if the factual basis for the removal has changed since the first removal. *Brown v. JEVIC*, 575 F.3d 322, 328 (3d Cir. 2009) (quoting Wright & Miller for proposition that "[i]f subsequent pleadings or conduct by the parties or various other circumstances brings a case that was not previously removable within the removal jurisdiction of the federal courts, a second notice of removal is permissible"). New assertions by Plaintiff that impact the amount-in-controversy constitute a sufficiently changed factual basis to support a second notice of removal. *In re Diet Drugs*, 282 F.3d 220, 232 n. 8 (3d Cir. 2002); *Benson v. SI Handling Sys., Inc.*, 188 F.3d 780, 783 (7th Cir. 1999)(plaintiffs concession "that they seek more than the jurisdictional minimum amount" provides new grounds for second removal); *Dominguez v.*

*Peek*, 2010 WL 1658550, at *4-5 (S.D. Ala. Apr. 10, 2010)(plaintiff's email offering to settle case above jurisdictional threshold provided evidence establishing basis for second removal).

3. <u>**Citizenship of the Parties**</u>. Plaintiffs allege they are residents of New Jersey, and Plaintiffs' attorney has averred each Plaintiff is also a citizen of New Jersey. <u>Exhibit 1</u> to the *Declaration of Andrew J. Butcher* attached hereto as *Exhibit B; see also TAC*, ¶¶ 1-11. Plaintiffs are therefore citizens of New Jersey.

Defendant MXD is a California corporation with its principal place of business in Ohio. *Hertz Corp. v. Friend*, 130 S.Ct. 1181, 1192 (2010) ("We conclude that 'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities.  It is the place that Courts of Appeals have called the corporation's 'nerve center.'  And in practice it should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination").

Thus, the diversity requirement of 28 U.S.C. § 1332(d)(2)(A) is satisfied because at least one Plaintiff and one Defendant are citizens of different states.

4. <u>**The Aggregate Number of the Proposed Class – 28 U.S.C. § 1332(d)(5)(B)**</u>.

Plaintiffs define the proposed class to consist of "[a]ll individuals that were based out of the William Sonoma facility in Monroe, New Jersey that performed truck driver and/or helper functions from August 2010 to the present." *TAC*, ¶ 12. According to the Plaintiffs, MXD "is an employer of" the proposed class (the "Proposed Class"). *See TAC*, ¶¶ 16, 23. Based on a

review of its business records, MXD has determined that the aggregate number of those potentially within Plaintiffs' Proposed Class is more than the 100 members or greater required by 28 U.S.C. § 1332(d)(5)(B).

5.  **Amount in Controversy – 28 U.S.C. §§ 1332(d)(2)**.  While MXD denies all of Plaintiffs' material allegations, the amount in controversy exceeds the $5,000,000 jurisdictional threshold under 28 U.S.C. § 1332(d)(2).

i.  <u>Overtime claim</u>.  Plaintiffs contend they and the Proposed Class "routinely worked far in excess of (40) hours per week for Defendants and were not paid 1.5 times their hourly rate when they worked over forty (40) hours per week" (*TAC*, ¶ 27), that Defendants' failure to pay overtime "violates the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a" (*TAC*, ¶ 39), and they are therefore entitled to overtime pay "from August 2010 to the present." *TAC*, ¶ 12; *id.*, p. 8 (*Prayer for Relief*).

Prior to July 28, 2015, Plaintiffs had averred the amount-in-controversy was less than $5 million. *Pls.' Reply in Supp of Remand* (Feb. 3, 2015, ECF No. 16)(stating "Plaintiffs' Third Amended Complaint specifically includes the averment that 'the value of this matter falls below the $5 million threshold' of CAFA" and that "Plaintiffs have provided . . . evidence demonstrating that the amount in controversy is significantly less than the $5 million threshold").

On July 28, 2015, Plaintiffs' lawyer emailed Defendants with "a class wide demand of $4.5 million," a number arrived at, according to Plaintiffs' lawyer, based on the following assertions: 1) the drivers and helpers worked a "13-hour workday 5 days a week" which amounts to "25 hours of OT per week;" 2) New Jersey requires that 1.5 times the minimum wage be paid to drivers who work over 40 hours per week; and 3) an estimate of "35

drivers and 35 helpers consistently working since August 2010." *Butcher Decl.*, Ex. 2.

This demand demonstrates the amount-in-controversy exceeds the jurisdictional threshold. Specifically, there were 256 weeks between August 29, 2010 and July 29, 2015; for 174 of those weeks New Jersey's minimum wage was $7.25, for 52 it was $8.25, and for the remaining 30 it was $8.38.[3] The corresponding overtime rates are $10.88, $12.34, and $12.57. Twenty-five overtime hours per week for 174 weeks at $10.88 per hour for 70 workers equals $3,312,960.   Twenty-five overtime hours per week for 52 weeks at $12.34 per hour for 70 workers equals $1,122,940.   Twenty-five overtime hours per week for 30 weeks at $12.57 per hour for 70 workers equals $659,925. The combined total is **$5,095,825.**

While the amount-in-controversy threshold is met based on Plaintiffs' lawyers' July 28 email alone, the allegation that overtime violations are ongoing provide further confirmation the jurisdictional amount is satisfied. *Compare TAC*, ¶¶ 12 (requesting class certification of a group performing "truck driving and/or helper functions from August 2010 to the present"); 28 (asserting "Defendants' have ongoing illegal policies"), with *Mazzucco v. Kraft Foods Global, Inc.*, 2011 WL 6935320, at *8 (D.N.J. Nov. 23, 2011) ("If the alleged [overtime] violations continue throughout the course of the present litigation, it is appropriate to use the projected length of this litigation to calculate the liability period.   Courts in

---

[3] The $7.25 minimum wage was in effect until December 31, 2013. Division of Wage and Hour Compliance, *Notice of Administrative Change: N.J.A.C. 12:56-3.1*, available at http://lwd.dol.state.nj.us/labor/forms_pdfs/lwdhome/MinWage2015.pdf. On January 1, 2014, the minimum wage increased to $8.25, and on January 1, 2015, the minimum wage increased again to $8.38 an hour. *Id.*; *see also* Wage and Hour Division, *Changes in Basic Minimum Wages in Non-Farm Employment Under State Law: Selected Years 1968 to 2013*, UNITED STATES DEPARTMENT OF LABOR (Dec. 2014), http://www.dol.gov/whd/state/stateMinWageHis.htm.

this District have held, in a similar litigation, that an additional two year period is appropriate.")  An additional two years, or 104 weeks of twenty-five overtime hours per week at $12.57 (the current minimum wage rate of $8.38 x 1.5) per hour for 70 workers equals an additional $2,287,740, bringing the total to $7,383,565.

    ii.    Attorney Fees.  A 30% attorney fee award may also be included in the amount in controversy where a New Jersey state overtime claim is asserted.    Faltaous v. Johnson and Johnson, 2007 WL 3256833, at *10 (D.N.J. Nov. 5, 2007).  Plaintiffs seek reasonable attorney's fees in this case.  TAC, p. 8 (Prayer for Relief).  It is therefore reasonable to assume that Plaintiffs' attorney will seek 30% of any amounts recovered as awardable attorneys' fees.  Thus, if Plaintiffs and the Proposed Class are awarded the $7,383,565 amount in controversy, the Plaintiffs' attorney is expected to seek at least $2,215,069.50 in attorneys' fees.  When this figure is added to the $7,383,565, the total amount in controversy is at least $9,598,634.50.

    6.    **Timeliness of Removal**.

    Pursuant to 28 U.S.C. § 1446, a Notice of Removal may be filed within 30 days of receiving a copy of the Complaint or, if the case stated by the Complaint is not removable, within 30 days after the receipt of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.  The 30-day removal period is not triggered by a Complaint lacking specific allegations.  Entrekin v. Fishers Scientific Inc., 146 F. Supp. 2d 594, 606-07 (D.N.J. 2001) (clock begins running only when the basis for removal is revealed specifically in the initial pleading).

Likewise, the second 30-day removal period only commences when the defendant receives another litigation paper from which it can be ascertained the jurisdictional prerequisites are satisfied. 28 U.S.C. § 1446(b)(3). "As applied to the amount-in-controversy requirement, the clock commences only when the defendant receives a post-complaint pleading or other paper that affirmatively and unambiguously specifies a damages amount sufficient to satisfy the federal jurisdictional minimums." *Walker v. Trailer Transit, Inc.*, 727 F.3d 819, 825 (7th Cir. 2013) (holding "[t]his approach conforms to the standard adopted by our sister circuits.").

Correspondence between counsel constitutes an "other paper," including correspondence regarding settlement negotiations. *Romulus v. CVS*, 770 F.3d 67 (1st Cir. 2014) (holding "correspondence from the plaintiff to the defendant concerning damages can constitute an 'other paper' for purposes of Section 1446(b)(3)"); *Rahwar v. Nootz*, 863 F. Supp. 191, 192 (D.N.J. 1994) (citing *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283 (1938)) (finding a statement of damages letter an appropriate "other letter" to support removal because "the Court cannot allow the plaintiff to claim he has suffered $500,000 in damages in order to raise the stakes in litigation and then claim he has suffered less than $50,000 in damages in order to defeat federal jurisdiction"). Other federal courts have reached the same conclusion. *See, e.g.*, *Grinnell Mut. Reinsurance Co.*, 697 F.3d 582 (7th Cir. 2012) ("Although settlement negotiations are not admissible at trial pursuant to Federal Rule of Evidence 408 to prove liability for or invalidity of the claim or its amount, they can be considered 'to show the stakes' when determining whether the amount in controversy is met."); *McPhail v. Deere & Co.*, 529 F.3d 947 (10th Cir. 2008) (quoting *Cohn v. Petsmart, Inc.*, 281 F.3d 837,

840 (9th Cir. 2002))(holding that "a plaintiff's proposed settlement amount 'is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim.'").

Here, Plaintiffs' lawyer emailed Defendants' lawyers with a settlement demand for $4,500,000 on July 28, 2015. *Butcher Decl.*, Ex. 2. This settlement demand constitutes an "other paper" triggering the 30-day time limit for removal under Section 1446(b)(3). MXD therefore had 30 days or until August 27 to file a Notice of Removal. MXD has done so and this removal is therefore timely.

7. <u>**Notice of Removal to Adverse Parties and to State Court Clerk**</u>.

Pursuant to 28 U.S.C. § 1446(d), MXD will give written notice of the removal to Plaintiffs and to the Clerk of the State Superior Court. Specifically, promptly after filing this Notice of Removal, MXD shall send a Notice of Removal to Adverse Parties and State Court Clerk, a true and correct copy of which is attached hereto as *Exhibit C*.

8. <u>**No Waiver**</u>. By filing this Notice of Removal, MXD does not waive any defenses available to it.

Respectfully submitted,

s/Peter F. Berk
_____
Peter Berk
Genova Burns LLC
494 Broad Street
Newark, NJ 07102
Tel: (973) 533-0777
Fax: (973) 533-1112
www.genovaburns.com

4835-7976-2214, v. 2

# Exhibit A

THE SATTIRAJU LAW FIRM, P.C.
Ravi Sattiraju, Esq.
116 Village Boulevard, Suite 200
Princeton, New Jersey 08540
Tel: (609) 799-1266
Fax: (609) 799-1267

O'CONNOR, PARSONS & LANE, LLC
Paul A. O'Connor, Esq.
435 Broad Street
Westfield, New Jersey 07090
Tel: (908) 928-9200
Fax: (908) 928-9232

Attorneys for Plaintiff and All Other
Similarly Situated Persons

| | |
|---|---|
| CAMILLO ECHAVARRIA<br>    On behalf of herself and all other<br>    similarly situated persons<br><br>    Plaintiffs,<br><br>v.<br><br>WILLIAM SONOMA, INC.,<br>J&J TRUCKING, INC., 3PD, INC.,<br>ABC CORP., & JANE AND JOHN DOES<br><br>    Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>MIDDLESEX COUNTY<br><br>DOCKET NO. MID-L-6373 - 12<br><br>Civil Action<br><br>CLASS ACTION COMPLAINT<br>AND JURY DEMAND |

Plaintiff, Camillo Echavarria (hereinafter "Plaintiff"), on behalf of himself and all other

similarly situated persons, by way of Class Action Complaint against Defendants, Williams

Sonoma, Inc. (hereinafter "Williams Sonoma"), J&J Trucking, Inc. (hereinafter "J&J"), 3PD,

Inc. (hereinafter "3PD") ABC Corps. and Jane and John Does, states as follows:

<u>THE PARTIES</u>

1

1.     Plaintiff has resided in New Brunswick, New Jersey at all times relevant to this matter, and was employed by Defendants in Monroe Township, Middlesex County, New Jersey.

2.     The Class of similarly situated plaintiffs, who all resided in New Jersey at all times relevant to this matter, is defined as:

> All individuals that were based out of the William Sonoma facility in Monroe, New Jersey that performed truck driving and/or helper functions from August 2010 to the present.

3.     Drivers delivered goods from Williams Sonoma facility in Monroe, New Jersey to its customers. Helpers traveled with Drivers to assist with deliveries at the facility and on the road.

4.     Defendant, Williams-Sonoma, Inc., which has its principal place of business located at 3250 Van Ness Avenue, San Francisco, CA 94109 is an employer of Plaintiff, and all other similarly situated employees that are based at its location in Monroe, New Jersey.

5.     Defendant, J&J Trucking, is an employer of Plaintiff, and certain other similarly situated employees, as defined by the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a et seq., and has its primary place of business at 731 Rutherford Avenue, Woodbridge, New Jersey 07901.

6.     Defendant 3PD, Inc, is an employer of Plaintiff, and certain other similarly situated employees, as defined by the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a et seq., and has its primary place of business at 1851 West Oak Parkway, Suite 100, Marietta, GA 30062, and has a location in William Sonoma's building in Monroe, Township, New Jersey.

7.     Defendants, ABC CORPS, and/or JANE/JOHN DOES are joint employers of the remaining other similarly situated employees, as defined by the New Jersey Wage and Hour

2

Law, N.J.S.A. 34:11-56a et seq., which entered into agreements to provide Drivers and/or

Helpers with Defendants 3PD, Inc. and/or Williams Sonoma, Inc.

8.　　Venue is proper in this Court given that the majority of underlying facts occurred

in Middlesex County.

## SPECIFIC ALLEGATIONS

9.　　Plaintiff and all Class Members were assigned to perform non-exempt tasks as

Truck Drivers and/or Helpers for Williams Sonoma and were based out of its facility in Monroe,

New Jersey.

10.　　Williams Sonoma entered into business relationships with other entities, including

3PD, J&J Trucking and John/Jane Does and ABC Corps. to conceal the fact that it had an

employer-employee relationship with Plaintiff and all Class Members.

11.　　Williams Sonoma controlled the manner and means in which Plaintiff and all

Class Members performed their duties. Specifically, Plaintiff and all Class Members all reported

to work at Williams Sonoma, took instruction from Williams Sonoma employees, communicated

with Williams Sonoma employees while delivering their routes during the workday and handled

paperwork and invoices with Williams Sonoma customers. Williams Sonoma had the authority

to reprimand and terminate Plaintiff and all Class Members. As such, Williams Sonoma was an

employer of Plaintiff and all other Class Members under the New Jersey Wage and Hour Law,

N.J.S.A. 34:11-56a et seq.

12.　　3PD is a third-party logistics company that has a physical presence at William

Sonoma's Monroe facility. J&J Trucking and John/Jane Does and/or ABC Corps. entered into

agreements with 3PD and/or Williams Sonoma to provide Truck Drivers and/or Helpers to work

at Williams Sonoma's Monroe location.

3

13.     J&J Trucking, John and Jane Does/ABC Corps, and 3PD are employers under the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a et seq., because they acted directly in the interest of Williams Sonoma by conspiring with Williams Sonoma to conceal the fact that Williams Sonoma employed Plaintiff and all other Class Members, and given that they also controlled aspects of the employment of Plaintiff and all other Class Members.

14.     Plaintiff and all Class Members delivered furniture and other materials from Williams Sonoma's distribution facility in Monroe, New Jersey to its customers.

15.     Plaintiff and Class Members are not independent contracts as defined by N.J.S.A. 43:21-19(i)(6)(A)(B)(C).

16.     Plaintiff and Class members are not exempt under the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56n et seq.

17.     Plaintiff and Class Members routinely worked far in excess of forty (40) hours per week for Defendants and were not paid 1.5 times their hourly rate when they worked over forty (40) hours per week.

18.     Defendants' ongoing illegal policies of failing to pay Class Members for time worked has resulted in Class Members being denied substantial legally required compensation and/or overtime payments given that Class Members routinely worked in excess of forty hours per week.

19.     This action is brought and may properly proceed as a class action, pursuant to R. 4:32 of the Rules Governing the Court of the State of New Jersey.

20.     The Class for whose benefit this action is brought is so numerous that joinder of all members is impracticable.

4

21.     There are questions of law and fact common to all members of the Class that predominate over questions affecting only individuals. These common questions include:

    a.  Whether Class Members were not paid 1.5 times their hourly rate when they worked over 40 hours per week; and

    b.  Whether this conduct violates the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a et seq.

22.     Mr. Echavarria does not have interests antagonistic to those of the Class Members. Mr. Echavarria's claims are typical of the claims of the Class Members.

23.     Mr. Echavarria will fairly and adequately protect the interests of the Class, and has retained competent counsel experienced in this type of matter.

24.     Common questions of law and fact predominate over any questions that only affect individual class members.

25.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy, and will cause an orderly and expeditious administration of the Class' claims.

26.     The prosecution of separate actions by individual members of the Class would run the risk of inconsistent or varying adjudications. Prosecution as a class action will also eliminate the possibility of repetitious litigation.

27.     This value of this matter falls below the $5 million threshold of the Class Action Fairness Act, 28 U.S.C. § 1332(d).

<u>COUNT ONE</u>

<u>NEW JERSEY WAGE AND HOUR LAW</u>

28.     Plaintiff reasserts Paragraphs 1-27 as if set forth at length herein.

5

29.     Defendants' conduct against the Class Members violates the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a et seq. by failing to compensate Class Members for all hours worked, and not paying overtime when Class Members worked over 40 hours per week.

30.     As a result of Defendants' conduct, the Class Members have endured significant economic damages.

WHEREFORE, Mr. Echavarria, on behalf of himself and all other Class Members, respectfully requests that the Court enter judgment in their favor, together with (i) full compensation for all hours worked, including all legally required overtime payments, with interest; (ii) pre-judgment and post-judgment interest at the highest rates allowed by law; (vii) attorneys' fees, costs and expenses with appropriate enhancement; and (viii) all other legally permissible relief that the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury.

THE SATTIRAJU LAW FIRM, P.C.
Ravi Sattiraju, Esq.
116 Village Boulevard, Suite 200
Princeton, New Jersey 08540

O'CONNOR, PARSONS & LANE, LLC
Paul A. O'Connor, Esq.
435 Broad Street
Westfield, New Jersey 07090

Attorneys for Plaintiff and All Other
Similarly Situated Persons

Date: September 14, 2012

6

## DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:5-1(c), Ravi Sattiraju, Esq. and Paul A. O'Connor, Esq. are hereby designated as trial counsel for Plaintiff and all Class Members.

THE SATTIRAJU LAW FIRM, P.C.
Ravi Sattiraju, Esq.
116 Village Boulevard, Suite 200
Princeton, New Jersey 08540

O'CONNOR, PARSONS & LANE, LLC
Paul A. O'Connor, Esq.
435 Broad Street
Westfield, New Jersey 07090

Attorneys for Plaintiff and All Other
Similarly Situated Persons

Date: September 14, 2012

## CERTIFICATION PURSUANT TO R. 4:5-1

I hereby certify, pursuant to Rule 4:5-1 that the matter in controversy herein is the subject of no other pending legal proceeding or arbitration nor is any other legal proceeding contemplated to the best of my information and belief. Further, I know of no other party who should be joined in this lawsuit.

RAVI SATTIRAJU

Date: September 14, 2012

7

ORDER OF HON. JAMIE D. HAPPAS, P.J.S.C.
SUPERIOR COURT OF NEW JERSEY
LAW DIVISION: MIDDLESEX COUNTY
56 PATERSON STREET
P.O. BOX 964
NEW BRUNSWICK, NJ 08903-0964
(732) 519-3628

**FILED**

OCT 2 1 2013

Jamie D. Happas, P.J.S.C.

Plaintiff(s),

E Chavurin

vs.

Defendant(s),

Willim Saviurn

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION: MIDDLESEX COUNTY
DOCKET NO.: MID-L- 6373-12

CIVIL ACTION

CASE MANAGEMENT ORDER

**THIS MATTER** coming before the Honorable Jamie D. Happas, P.J.S.C., for a case management conference and the court having reviewed the status of the litigation, and all counsel having been present to provide comment and information, and for good cause having been shown;

IT IS ON THIS _21_ DAY OF _Octu_ , 2013,

ORDERED AS FOLLOWS:

| | | |
|---|---|---|
| _Nov. 21_ 2013 | Plaintiff(s) shall serve answers to all written discovery previously propounded by this date. | |
| _Nov. 21_ 2013 | Defendant(s) shall serve answers to all written discovery previously propounded by this date. | |
| _____ 2013 | Plaintiff(s) shall propound supplemental written discovery requests by this date. | |
| _____ 2013 | Defendant(s) shall serve answers to supplemental written discovery requests by this date. | |
| _____ 2013 | Defendant(s) shall propound supplemental written discovery requests by this date. | |
| _____ 2013 | Plaintiff(s) shall serve answers to supplemental written discovery requests by this date. | |
| _Jan 13_ 2013 | All parties' depositions shall be concluded by this date. (three parties in this action in this action) | |
| _____ 2013 | Fact discovery, including depositions, shall be completed by this date. | |

OMO Form A-updated 4/10

_____2013    Defendant(s) shall forward medical authorizations to plaintiff's counsel by this date.

_____2013    Plaintiff(s) shall serve executed medical authorizations by this date.

_____2013    Plaintiff(s) shall serve medical expert reports by this date.

_____2013    Defense medical examination(s) of plaintiff shall be completed by this date.

_____2013    Defendant(s) shall serve medical report(s) by this date.

_____2013    Plaintiff(s) shall serve liability expert report(s) by this date.

_____2013    Defendant(s) shall serve liability expert report(s) by this date.

_____2013    Plaintiff(s) shall serve expert economist report(s) by this date.

_____2013    Defendant(s) shall serve expert economist report(s) by this date.

_____2013    Expert(s) depositions shall be completed by this date.

_1/22/2014_   Discovery End Date. _To Be conducted at CMC on 1/22/14 @ 8:30 a.m. Arsyaught offices_

_____2013    Arbitration Date. _to determine_

_____2013    Trial Date. (if any party files a trial de novo, this shall be the trial date)

IF A PARTY FAILS TO COMPLY WITH A PROVISION(S) OF THIS ORDER, ALL PARTIES SHALL ATTEMPT TO AMICABLY RESOLVE THE DEFAULT WITHIN TWENTY DAYS OF THE MISSED EVENT. IF RESOLUTION IS UNSUCCESSFUL, A MOTION SHALL BE FILED DISMISSING / STRIKING THE PLEADING OF THE DEFAULTING PARTY WITHIN THIRTY DAYS OF THE DEFAULT.

ALL PENDING MOTIONS TO EXTEND DISCOVERY SHALL BE WITHDRAWN AS OF THIS DATE.

A copy of this order has been given to all parties who have appeared at the conference. All other and/or subsequent appearing parties shall be served with a copy of this order within seven(7) days of the party's appearance in the case.

Exel Direct shall be removed as an party and served copies of the documents within 30 days.

JAMIE D. HAPPAS, P.J.S.C.

THE SATTIRAJU LAW FIRM, P.C.
Ravi Sattiraju, Esq.
116 Village Boulevard, Suite 200
Princeton, New Jersey 08540
Tel: (609) 799-1266
Fax: (609) 799-1267

O'CONNOR, PARSONS & LANE, LLC
Paul A. O'Connor, Esq.
435 Broad Street
Westfield, New Jersey 07090
Tel: (908) 928-9200
Fax: (908) 928-9232

Attorneys for Plaintiff and All Other
Similarly Situated Persons

RECEIVED AND FILED

2013 OCT 30 ℗ 12:41

CIVIL OFFICE
MIDDLESEX VICINAGE

| | |
|---|---|
| CAMILLO ECHAVARRIA-RAMIREZ<br> On behalf of himself and all other<br> similarly situated persons<br><br>    Plaintiffs,<br><br>v.<br><br>WILLIAM SONOMA, INC.,<br>J&J TRUCKING, INC., EXEL DIRECT,<br>INC., ABC CORP., & JANE AND JOHN<br>DOES<br><br>    Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>MIDDLESEX COUNTY<br><br>DOCKET NO. MID-L-6373-12<br><br>Civil Action<br><br>SECOND AMENDED CLASS ACTION<br>COMPLAINT AND JURY DEMAND |

Plaintiff, Camillo Echavarria-Ramirez (hereinafter "Plaintiff"), on behalf of himself and

all other similarly situated persons, by way of Class Action Complaint against Defendants,

Williams Sonoma, Inc. (hereinafter "Williams Sonoma"), J&J Trucking, Inc. (hereinafter "J&J"),

Exel Direct, Inc. (hereinafter "Exel Direct") ABC Corps. and Jane and John Does, states as

follows:

1

## THE PARTIES

1.    Plaintiff has resided in New Brunswick, New Jersey at all times relevant to this matter, and was employed by Defendants in Monroe Township, Middlesex County, New Jersey.

2.    The Class of similarly situated plaintiffs, who all resided in New Jersey at all times relevant to this matter, is defined as:

> All individuals that were based out of the William Sonoma facility in Monroe, New Jersey that performed truck driving and/or helper functions from August 2010 to the present.

3.    Drivers delivered goods from Williams Sonoma facility in Monroe, New Jersey to its customers. Helpers traveled with Drivers to assist with deliveries at the facility and on the road.

4.    Defendant, Williams-Sonoma, Inc., which has its principal place of business located at 3250 Van Ness Avenue, San Francisco, CA 94109, is an employer of Plaintiff, and all other similarly situated employees that are based at its location in Monroe, New Jersey.

5.    Defendant, J&J Trucking, is an employer of Plaintiff, and certain other similarly situated employees, as defined by the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a et seq., and has its primary place of business at 731 Rutherford Avenue, Woodbridge, New Jersey 07901.

6.    Defendant Exel Direct, Inc. is an employer of Plaintiff, and certain other similarly situated employees, as defined by the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a et seq., and has its primary place of business at 350 Mac Lane, Keasbey, New Jersey 08832.

7.    Defendants, ABC CORPS. and/or JANE/JOHN DOES are joint employers of the remaining other similarly situated employees, as defined by the New Jersey Wage and Hour

2

Law, N.J.S.A. 34:11-56a et seq., which entered into agreements to provide Drivers and/or

Helpers with Defendants Exel Direct, Inc. and/or Williams Sonoma, Inc.

8.      Venue is proper in this Court given that the majority of underlying facts occurred

in Middlesex County.

<u>SPECIFIC ALLEGATIONS</u>

9.      Plaintiff and all Class Members were assigned to perform non-exempt tasks as

Truck Drivers and/or Helpers for Williams Sonoma and were based out of its facility in Monroe,

New Jersey.

10.     Williams Sonoma entered into business relationships with other entities, including

Exel Direct, J&J Trucking and John/Jane Does and ABC Corps. to conceal the fact that it had an

employer-employee relationship with Plaintiff and all Class Members.

11.     Williams Sonoma controlled the manner and means in which Plaintiff and all

Class Members performed their duties. Specifically, Plaintiff and all Class Members all reported

to work at Williams Sonoma, took instruction from Williams Sonoma employees, communicated

with Williams Sonoma employees while delivering their routes during the workday and handled

paperwork and invoices with Williams Sonoma customers. Williams Sonoma had the authority

to reprimand and terminate Plaintiff and all Class Members. As such, Williams Sonoma was an

employer of Plaintiff and all other Class Members under the New Jersey Wage and Hour Law,

N.J.S.A. 34:11-56a et seq.

12.     Exel Direct is a third-party logistics company that has a physical presence at

William Sonoma's Monroe facility. J&J Trucking and John/Jane Does and/or ABC Corps.

entered into agreements with Exel Direct and/or Williams Sonoma to provide Truck Drivers

and/or Helpers to work at Williams Sonoma's Monroe location.

3

13. J&J Trucking, John and Jane Does/ABC Corps. and Exel Direct are employers under the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a et seq., because they acted directly in the interest of Williams Sonoma by conspiring with Williams Sonoma to conceal the fact that Williams Sonoma employed Plaintiff and all other Class Members, and given that they also controlled aspects of the employment of Plaintiff and all other Class Members.

14. Plaintiff and all Class Members delivered furniture and other materials from Williams Sonoma's distribution facility in Monroe, New Jersey to its customers.

15. Plaintiff and Class Members are not independent contracts as defined by N.J.S.A. 43:21-19(I)(6)(A)(B)(C).

16. Plaintiff and Class members are not exempt under the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a et seq.

17. Plaintiff and Class Members routinely worked far in excess of forty (40) hours per week for Defendants and were not paid 1.5 times their hourly rate when they worked over forty (40) hours per week.

18. Defendants' ongoing illegal policies of failing to pay Class Members for time worked has resulted in Class Members being denied substantial legally required compensation and/or overtime payments given that Class Members routinely worked in excess of forty hours per week.

19. This action is brought and may properly proceed as a class action, pursuant to R. 4:32 of the Rules Governing the Court of the State of New Jersey.

20. The Class for whose benefit this action is brought is so numerous that joinder of all members is impracticable.

4

21. There are questions of law and fact common to all members of the Class that predominate over questions affecting only individuals. These common questions include:

    a. Whether Class Members were not paid 1.5 times their hourly rate when they worked over 40-hours per week; and

    b. Whether this conduct violates the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a et seq.

22. Mr. Echavarria-Ramirez does not have interests antagonistic to those of the Class Members. Mr. Echavarria-Ramirez's claims are typical of the claims of the Class Members.

23. Mr. Echavarria-Ramirez will fairly and adequately protect the interests of the Class, and has retained competent counsel experienced in this type of matter.

24. Common questions of law and fact predominate over any questions that only affect individual class members.

25. A class action is superior to other available methods for the fair and efficient adjudication of this controversy, and will cause an orderly and expeditious administration of the Class' claims.

26. The prosecution of separate actions by individual members of the Class would run the risk of inconsistent or varying adjudications. Prosecution as a class action will also eliminate the possibility of repetitious litigation.

27. This value of this matter falls below the $5 million threshold of the Class Action Fairness Act, 28 U.S.C. § 1332(d).

5

## COUNT ONE

### NEW JERSEY WAGE AND HOUR LAW

28. Plaintiff reasserts Paragraphs 1-27 as if set forth at length herein.

29. Defendants' conduct against the Class Members violates the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a et seq, by failing to compensate Class Members for all hours worked, and not paying overtime when Class Members worked over 40 hours per week.

30. As a result of Defendants' conduct, the Class Members have endured significant economic damages.

WHEREFORE, Mr. Echavarria-Ramirez, on behalf of himself and all other Class Members, respectfully requests that the Court enter judgment in their favor, together with (i) full compensation for all hours worked, including all legally required overtime payments, with interest; (ii) pre-judgment and post-judgment interest at the highest rates allowed by law; (vii) attorneys' fees, costs and expenses with appropriate enhancement; and (viii) all other legally permissible relief that the Court deems appropriate.

6

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury.

THE SATTIRAJU LAW FIRM, P.C.
Ravi Sattiraju, Esq.
116 Village Boulevard, Suite 200
Princeton, New Jersey 08540

O'CONNOR, PARSONS & LANE, LLC
Paul A. O'Connor, Esq.
435 Broad Street
Westfield, New Jersey 07090

Attorneys for Plaintiff and All Other
Similarly Situated Persons

Date: October 29, 2013

## DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:5-1(e), Ravi Sattiraju, Esq. and Paul A. O'Connor, Esq. are hereby designated as trial counsel for Plaintiff and all Class Members.

THE SATTIRAJU LAW FIRM, P.C.
Ravi Sattiraju, Esq.
116 Village Boulevard, Suite 200
Princeton, New Jersey 08540

O'CONNOR, PARSONS & LANE, LLC
Paul A. O'Connor, Esq.
435 Broad Street
Westfield, New Jersey 07090

Attorneys for Plaintiff and All Other
Similarly Situated Persons

Date: October 29, 2013

CERTIFICATION PURSUANT TO R. 4:5-1

I hereby certify, pursuant to Rule 4:5-1 that the matter in controversy herein is the subject of no other pending legal proceeding or arbitration nor is any other legal proceeding contemplated to the best of my information and belief. Further, I know of no other party who should be joined in this lawsuit.

RAVI SATTIRAJU

Date: October 29, 2013

8

MASHEL LAW, L.L.C.
500 Campus Drive, Suite 303
Morganville, New Jersey 07751
T: (732) 536-6161
F: (732) 536-6165
E: asalmeida@mashellaw.com
Attorneys for Defendant JJP Trucking, L.L.C.
Erroneously plead as J&J Trucking, Inc.

BY: ANTHONY S. ALMEIDA, ESQ.
    NJ ID. NO. 024552005

| | |
|---|---|
| CAMILLO ECHAVARRIA-RAMIREZ<br>On behalf of himself and all other<br>similarly situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>WILLIAM SONOMA INC.,<br>J&J TRUCKING, INC., EXEL DIRECT,<br>INC., ABC CORP. & JANE & JOHN<br>DOES,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>MIDDLESEX COUNTY<br><br>DOCKET NO.: MID-L-6373-12<br><br><br>Civil Action<br><br>ANSWER TO SECOND AMENDED<br>CLASS ACTION COMPLAINT,<br>SEPARATE DEFENSES, CROSS-<br>CLAIMS, ANSWER TO ALL CROSS-<br>CLAIMS, JURY DEMAND &<br>DESIGNATION OF TRIAL COUNSEL |

Defendant JJP Trucking, L.L.C., improperly plead as J&J Trucking, Inc. (hereinafter

"J&J") by way of Answer to Plaintiff's Second Amended Class Action Complaint, responds:

### THE PARTIES

1.      This Defendant is without sufficient knowledge or information to form a belief

regarding the truth of the allegation contained in this Paragraph.

2.      This Defendant is without sufficient knowledge or information to form a belief

regarding the truth of the factual allegation(s) contained in this Paragraph.  To the extent that the

Paragraph asserts a legal conclusion, this Defendant provides no answer as none is required.

3.    This Defendant is without sufficient knowledge or information to form a belief regarding the truth of the allegation contained in this Paragraph.

4.    This Defendant is without sufficient knowledge or information to form a belief regarding the truth of the allegation contained in this Paragraph.

5.    Denied. Plaintiff is left to his proofs.

6.    This Defendant is without sufficient knowledge or information to form a belief regarding the truth of the factual allegation(s) contained in this Paragraph. To the extent that the Paragraph asserts a legal conclusion, this Defendant provides no answer as none is required.

7.    This Defendant is without sufficient knowledge or information to form a belief regarding the truth of the factual allegation(s) contained in this Paragraph. To the extent that the Paragraph asserts a legal conclusion, this Defendant provides no answer as none is required.

8.    This Defendant is without sufficient knowledge or information to form a belief regarding the truth of the factual allegation(s) contained in this Paragraph. To the extent that the Paragraph asserts a legal conclusion, this Defendant provides no answer as none is required.

## SPECIFIC ALLEGATIONS

9.    This Defendant is without sufficient knowledge or information to form a belief regarding the truth of the factual allegation(s) contained in this Paragraph. To the extent that the Paragraph asserts a legal conclusion, this Defendant provides no answer as none is required.

10.    This Defendant is without sufficient knowledge or information to form a belief regarding the truth of the factual allegation(s) contained in this Paragraph. To the extent that the Paragraph asserts a legal conclusion, this Defendant provides no answer as none is required.

11.    This Defendant is without sufficient knowledge or information to form a belief regarding the truth of the factual allegation(s) contained in this Paragraph. To the extent that the Paragraph asserts a legal conclusion, this Defendant provides no answer as none is required.

12.    This Defendant is without sufficient knowledge or information to form a belief regarding the truth of the factual allegation(s) contained in this Paragraph. To the extent that the Paragraph asserts a legal conclusion, this Defendant provides no answer as none is required.

13.    Denied. Plaintiff is left to his proofs.

14.    This Defendant is without sufficient knowledge or information to form a belief regarding the truth of the allegation contained in this Paragraph.

15.    This Defendant is without sufficient knowledge or information to form a belief regarding the truth of the factual allegation(s) contained in this Paragraph. To the extent that the Paragraph asserts a legal conclusion, this Defendant provides no answer as none is required.

16.    This Defendant is without sufficient knowledge or information to form a belief regarding the truth of the factual allegation(s) contained in this Paragraph. To the extent that the Paragraph asserts a legal conclusion, this Defendant provides no answer as none is required.

17.    This Defendant is without sufficient knowledge or information to form a belief regarding the truth of the factual allegation(s) contained in this Paragraph. To the extent that the Paragraph asserts a legal conclusion, this Defendant provides no answer as none is required.

18.    This Defendant is without sufficient knowledge or information to form a belief regarding the truth of the factual allegation(s) contained in this Paragraph. To the extent that the Paragraph asserts a legal conclusion, this Defendant provides no answer as none is required.

19.    This Defendant is without sufficient knowledge or information to form a belief regarding the truth of the factual allegation(s) contained in this Paragraph. To the extent that the Paragraph asserts a legal conclusion, this Defendant provides no answer as none is required.

20.    This Defendant is without sufficient knowledge or information to form a belief regarding the truth of the factual allegation(s) contained in this Paragraph. To the extent that the Paragraph asserts a legal conclusion, this Defendant provides no answer as none is required.

21.    This Defendant is without sufficient knowledge or information to form a  belief regarding the truth of the factual allegation(s) contained in this Paragraph. To the extent that the Paragraph asserts a legal conclusion, this Defendant provides no answer as none is required. .

22.    This Defendant is without sufficient knowledge or information to form a  belief regarding the truth of the factual allegation(s) contained in this Paragraph. To the extent that the Paragraph asserts a legal conclusion, this Defendant provides no answer as none is required. .

23.    This Defendant is without sufficient knowledge or information to form a  belief regarding the truth of the factual allegation(s) contained in this Paragraph. To the extent that the Paragraph asserts a legal conclusion, this Defendant provides no answer as none is required.

24.    This Defendant is without sufficient knowledge or information to form a  belief regarding the truth of the factual allegation(s) contained in this Paragraph. To the extent that the Paragraph asserts a legal conclusion, this Defendant provides no answer as none is required.

25.    This Defendant is without sufficient knowledge or information to form a  belief regarding the truth of the factual allegation(s) contained in this Paragraph. To the extent that the Paragraph asserts a legal conclusion, this Defendant provides no answer as none is required,

26.    This Defendant is without sufficient knowledge or information to form a belief regarding the truth of the factual allegation(s) contained in this Paragraph. To the extent that the Paragraph asserts a legal conclusion, this Defendant provides no answer as none is required,

27.    This Defendant is without sufficient knowledge or information to form a belief regarding the truth of the factual allegation(s) contained in this Paragraph. To the extent that the Paragraph asserts a legal conclusion, this Defendant provides no answer as none is required,

<u>COUNT ONE</u>

<u>NEW JERSEY WAGE AND HOUR LAW</u>

28.    This Defendant repeats and reiterates its answer to the allegations of Paragraphs 1-27 as if set forth at length herein.

29.    Denied.

30.    Denied.

WHEREFORE, Defendant JJP Trucking, L.L.C. improperly plead as J&J Trucking, Inc., demands judgment against the plaintiff or plaintiffs dismissing the Complaint with prejudice and without costs.

## SEPARATE DEFENSES

Without assuming any burden that would otherwise rest with Plaintiff, Defendant JJP Trucking, L.L.C., improperly plead as J&J Trucking, Inc., asserts the following separate defenses:

1.    The Complaint fails to state a claim upon which relief can be granted as a matter of law.

2.    Plaintiff's claims are barred due to the applicable Statute of Limitations.

3.    Plaintiff's claims are barred by the doctrines of unclean hands, equitable estoppel, and laches.

4.    Plaintiff's complaint is barred by the doctrines of unjust enrichment, waiver and set-off.

5.    Plaintiff's claims are barred by his own malfeasance and nonfeasance.

6.    Plaintiff lacks sufficient standing to bring this putative class action claim.

7.    This defendant owed no duty to plaintiff.

8.    This defendant is not responsible for the alleged non-payment and violated no duty owed to plaintiff.

9.    Plaintiff's claims are barred or diminished by the doctrine of avoidable consequences.

10.    Plaintiff's claims are barred by the doctrine of accord and satisfaction.

11.    Plaintiff suffered no injuries as a result of this defendant's alleged actions or inactions.

12.    Plaintiff's injuries, if any, were caused by third parties over which this defendant had no control.

13.    This defendant has complied with all applicable laws, regulations and standards.

14.    Plaintiff's claims are barred for failure to join indispensable parties.

15.    Plaintiff's claims are barred or diminished by failure to mitigate damages.

16.    Plaintiff's claims are barred in whole or in part due to the applicable Statute of frauds, parol evidence rule, and/or common law fraud.

17.    Plaintiff's claims are barred in whole or in part due to his own negligent, intentional and/or malicious actions or inactions.

18.    This defendant hereby incorporates each and every defense of each and every co-defendant as if set forth at length herein.

19.    The allegations of the complaint against this defendant are false, frivolous and groundless and this defendant reserves right to seek sanctions, attorney's fees and costs pursuant to N.J.S.A. 2A:15-59:1-1, *et. seq.* and R. 1:4-8.

20.    This defendant reserves the right to assert any and all additional defenses as may be appropriate based on continuing investigation and discovery.

WHEREFORE, Defendant JJP Trucking, L.L.C., improperly plead as J&J Trucking, Inc., demands judgment against the plaintiff or plaintiffs dismissing the Complaint with prejudice and without costs.

## CROSS-CLAIM FOR CONTRIBUTION

1.     While denying any liability to plaintiff, this defendant demands contribution from all co-defendants named in the Complaint under the Joint Tortfeasors Contribution Act, as more fully set forth at N.J.S.A. 2A:53-1, *et. seq*.

## CROSS-CLAIM FOR INDEMNIFICATION

2.     While denying any liability to plaintiff, this defendant states that if it is found to be so liable, its liability is secondary and imputed and derivative from that of co-defendants, and therefore, this defendant demands complete indemnification from co-defendants, including costs and counsel fees.

## CROSS-CLAIM FOR CONTRACTUAL INDEMNIFICATION

3.     While denying any liability to plaintiff, this defendant asserts that there arises out of its relationship with co-defendants a contractual obligation entitling it to indemnification from co-defendants should liability be found against this defendant.

WHEREFORE, this answering Defendant demands judgment against co-defendants for indemnification of any sum for which it might be found liable.

## ANSWER TO CROSS-CLAIMS

1.     This answering defendant denies the allegations of any and all cross-claims filed or which may be filed against it.

## JURY DEMAND

Defendant JJP Trucking, L.L.C., improperly plead as J&J Trucking, Inc., demands a trial by jury on all issues so triable.

## DESIGNATION OF TRIAL COUNSEL

Please be advised that Stephan T. Mashel, Esquire, is hereby designated as trial counsel on behalf of defendant JJP Trucking, L.L.C. improperly plead as J&J Trucking, Inc.

## CERTIFICATION PURSUANT TO RULE 4:5-1 AND RULE 4:6

I certify that I am not aware of the matter in controversy being the subject of any other action pending in any court or arbitration forum. I certify that no such action or arbitration proceeding is presently contemplated.

I further certify that a copy of the within Answer to Complaint was served within the time prescribed by Rule 4:6.

## CERTIFICATION PURSUANT TO R. 4:5-1(b)(3)

I certify that confidential personal identifiers have been redacted from documents now submitted to the Court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

MASHEL LAW, L.L.C.
Attorneys for Defendant JJP Trucking, L.L.C.

Dated: November 12, 2013        By: 
ANTHONY S. ALMEIDA, ESQUIRE

Page 8 of 8

Jonathan Stryer
Sean J. Kirby
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
30 Rockefeller Plaza
New York, New York 10112
Telephone: (212) 653-8700
Facsimile: (212) 653-8701

*Attorneys for Defendant Williams-Sonoma, Inc.*

| | |
|---|---|
| CAMILLO ECHAVARRIA-RAMIREZ, on behalf of himself and all other similarly situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>WILLIAMS-SONOMA, INC., J&J TRUCKING, INC., EXEL DIRECT, INC., ABC CORP., and JANE AND JOHN DOES,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: MIDDLESEX COUNTY<br><br>DOCKET NO.: MID-L-6173-12<br><br>CIVIL ACTION<br><br>ANSWER, AFFIRMATIVE DEFENSES, AND CROSS-CLAIM |

Defendant Williams-Sonoma, Inc. ("Williams-Sonoma"), by and through its undersigned attorneys, Sheppard, Mullin, Richter & Hampton, LLP, hereby answers the Second Amended Class Action Complaint, dated October 29, 2013 (the "Complaint"), by Plaintiff Camillo Echavarria-Ramirez ("Plaintiff"), herein as follows:

I.

## ANSWER AND AFFIRMATIVE AND OTHER DEFENSES

### THE PARTIES

1. Williams-Sonoma is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 1 of the Complaint.

2. Williams-Sonoma denies each and every allegation in Paragraph 2 of the Complaint, except it is without sufficient knowledge or information to form a belief as to the

SMRH:400124560.1

-1-

truth of the allegations regarding the residence of the purported class, and admits that Plaintiff purports to define a class of similarly situated persons as "[A]ll individuals that were based out of the William[s] Sonoma facility in Monroe, New Jersey that performed truck driving and/or helper functions from August 2010 to the present," but denies that the proposed class is suitable for class treatment under any circumstances.

3.      Williams-Sonoma denies each and every allegation in Paragraph 3 of the Complaint, except avers that truck drivers deliver goods from Williams-Sonoma's Monroe, New Jersey facility.

4.      Williams-Sonoma denies each and every allegation in Paragraph 4 of the Complaint, except admits that its principal place of business is located at 3250 Van Ness Avenue, San Francisco, CA 94109.

5.      Williams-Sonoma is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 5 of the Complaint.

6.      Williams-Sonoma is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 6 of the Complaint.

7.      Williams-Sonoma denies each and every allegation in paragraph 7 of the Complaint.

8.      Williams-Sonoma avers that the allegations set forth in Paragraph 8 of the Complaint state a legal conclusion to which no response is required.   Notwithstanding the foregoing, to the extent that Paragraph 8 of the Complaint contains factual allegations, Williams-Sonoma denies each and every allegation.

## SPECIFIC ALLEGATIONS

9.      Williams-Sonoma denies each and every allegation in Paragraph 9 of the Complaint.

10.     Williams-Sonoma denies each and every allegation in Paragraph 10 of the Complaint, except admits it entered into a business relationship with Ixel Direct.

11.     Williams-Sonoma denies each and every allegation in Paragraph 11 of the Complaint.

12.     Williams-Sonoma denies each and every allegation in Paragraph 12 of the Complaint, except admits that Ixel Direct has a physical presence in Williams-Sonoma's Monroe, New Jersey facility.

13.     Williams-Sonoma avers that the allegations set forth in Paragraph 13 of the Complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that Paragraph 13 of the Complaint contains factual allegations, Williams-Sonoma denies each and every allegation.

14.     Williams-Sonoma denies each and every allegation in Paragraph 14 of the Complaint, except admits that individuals delivered furniture and other materials from Williams-Sonoma's distribution facility in Monroe, New Jersey.

15.     Williams-Sonoma avers that the allegations set forth in Paragraph 15 of the Complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that Paragraph 15 of the Complaint contains factual allegations, Williams-Sonoma denies each and every allegation.

16.     Williams-Sonoma avers that the allegations set forth in Paragraph 16 of the Complaint state a legal conclusion to which no response is required. Notwithstanding the

foregoing, to the extent that Paragraph 16 of the Complaint contains factual allegations, Williams-Sonoma denies each and every allegation.

17.     Williams-Sonoma denies each and every allegation in Paragraph 17 of the Complaint.

18.     Williams-Sonoma denies each and every allegation in Paragraph 18 of the Complaint.

19.     Williams-Sonoma avers that the allegations set forth in Paragraph 19 of the Complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that Paragraph 19 of the Complaint contains factual allegations, Williams-Sonoma denies each and every allegation and avers that the proposed class is not suitable for class treatment under any circumstances.

20.     Williams-Sonoma avers that the allegations set forth in Paragraph 20 of the Complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that Paragraph 20 of the Complaint contains factual allegations, Williams-Sonoma denies each and every allegation.

21.     Williams-Sonoma avers that the allegations set forth in Paragraph 21 (inclusive of subparagraphs "a" and "b") of the Complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that Paragraph 21 (inclusive or subparagraphs "a" and "b") of the Complaint contains factual allegations, Williams-Sonoma denies each and every allegation.

22.     Williams-Sonoma denies each and every allegation set forth in Paragraph 22 of the Complaint.

23. Williams-Sonoma denies each and every allegation set forth in Paragraph 23 of the Complaint.

24. Williams-Sonoma avers that the allegations set forth in Paragraph 24 of the Complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that Paragraph 24 of the Complaint contains factual allegations, Williams-Sonoma denies each and every allegation.

25. Williams-Sonoma avers that the allegations set forth in Paragraph 25 of the Complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that Paragraph 25 of the Complaint contains factual allegations, Williams-Sonoma denies each and every allegation.

26. Williams-Sonoma avers that the allegations set forth in Paragraph 26 of the Complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that Paragraph 26 of the Complaint contains factual allegations, Williams-Sonoma denies each and every allegation.

27. Williams-Sonoma is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 27 of the Complaint.

## COUNT ONE

### NEW JERSEY WAGE AND HOUR LAW

28. Williams-Sonoma incorporates the responses made to Paragraphs 1 through 27 of the Complaint as if fully set forth herein.

29. Williams-Sonoma avers that the allegations set forth in Paragraph 29 of the Complaint state a legal conclusion to which no response is required. Notwithstanding the

foregoing, to the extent that Paragraph 39 of the Complaint contains factual allegations, Williams-Sonoma denies each and every allegation.

30.    Williams-Sonoma denies each and every allegation set forth in Paragraph 30 of the Complaint.

31.    Williams-Sonoma denies each and every allegation set forth in the "Wherefore" clause of the Complaint and deny that Plaintiff is entitled to any relief.

## OBJECTION TO JURY TRIAL

Williams-Sonoma objects to a trial by jury on Plaintiff's equitable claims, claims for back pay, claims for front pay, and all other issues to which Plaintiff is not entitled to a jury trial as a matter of law.

## II.

## AFFIRMATIVE & OTHER DEFENSES

Pursuant to New Jersey Rule 4:601, et seq., Williams-Sonoma asserts the following Affirmative and Other Defenses to the Complaint and claims of Plaintiff and any putative class members Plaintiff seeks to represent.

## FIRST AFFIRMATIVE DEFENSE

1.    The Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

2.    The claims are barred, in whole or in part, by the equitable doctrine of unclean hands.

## THIRD AFFIRMATIVE DEFENSE

3.    The claims are barred, in whole or in part, by the doctrine of estoppel.

## FOURTH AFFIRMATIVE DEFENSE

4.    The claims are barred, in whole or in part, by the doctrine of laches.

SMRH:433022590.1                    -40-

### FIFTH AFFIRMATIVE DEFENSE

5.    Plaintiff's claims are barred and/or preempted by federal law, including the Federal Aviation Administration Authorization Act of 1994.

### SIXTH AFFIRMATIVE DEFENSE

6.    Plaintiff's claims fail as a matter of law because Exel Direct and/or J&J Trucking are trucking industry employers, and thus, Plaintiff is subject to the trucking industry exemption under the New Jersey Wage and Hour Law.

### SEVENTH AFFIRMATIVE DEFENSE

7.    Plaintiff's claims are absolutely barred by the good faith exception to the New Jersey Wage and Hour Law.

### EIGHTH AFFIRMATIVE DEFENSE

8.    Plaintiff's claims must be dismissed and/or reduced due to set-off.

### NINTH AFFIRMATIVE DEFENSE

9.    Plaintiff has not satisfied the pre-requisites of a class action contained in New Jersey Court Rule 4:32-1, including numerosity, commonality, typicality of claims and adequacy of protected interests, and therefore, this lawsuit cannot proceed on a class basis.

### TENTH AFFIRMATIVE DEFENSE

10.    Plaintiff's claims against the individual defendants John and Jane Does fail as a matter of law because these defendants did not exercise sufficient control, nor engage in any other conduct that would subject them to individual liability under the statute.

### ELEVENTH AFFIRMATIVE DEFENSE

11.    Some or all of Plaintiff's claims are barred by the applicable statute of limitations and there is no basis for tolling.

ME1 19207948v.1                                -27-

## TWELFTH AFFIRMATIVE DEFENSE

12. Plaintiff cannot establish the amount of unpaid hours or overtime they were allegedly denied by a just and reasonable inference or on any other non-speculative basis.

## THIRTEENTH AFFIRMATIVE DEFENSE

13. Williams-Sonoma is neither an employer nor a joint employer of the Plaintiff or any members of the purported class under applicable law.

## FOURTEENTH AFFIRMATIVE DEFENSE

14. Some or all of Plaintiff's claims are subject to arbitration.

## FIFTEENTH AFFIRMATIVE DEFENSE

15. Plaintiff lacks sufficient standing to bring this putative class action claim.

## SIXTEENTH AFFIRMATIVE DEFENSE

16. Williams-Sonoma is not responsible for the alleged non-payment of wages and violated no duty owed to Plaintiff.

## SEVENTEENTH AFFIRMATIVE DEFENSE

17. Plaintiff suffered no injuries as a result of Williams-Sonoma's alleged actions or inactions.

## EIGHTEENTH AFFIRMATIVE DEFENSE

18. Plaintiff's injuries, if any, were caused by third-parties over which Williams-Sonoma had no control.

## NINETEENTH AFFIRMATIVE DEFENSE

19. Williams-Sonoma hereby incorporates each and every defense of each and every co-defendant as if set forth at length herein.

### TWENTIETH AFFIRMATIVE DEFENSE

20. The allegations in the Complaint against Williams-Sonoma are false, frivolous and groundless and Williams-Sonoma reserves the right to seek sanctions, attorneys' fees and costs pursuant to N.J.S.A., 2A:15-59(b-1, et seq. and R. 1:4-8.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

21. Williams-Sonoma presently has insufficient knowledge or information to form a belief as to whether it may have additional, yet unasserted, affirmative defenses. Williams-Sonoma therefore expressly reserves the right to assert additional affirmative defenses in the event discovery or further proceedings indicate such additional defenses would be appropriate.

### III.

### CROSS-CLAIM FOR CONTRIBUTION

While denying any liability to Plaintiff and any putative class members, Williams-Sonoma demands contribution from all co-defendants named in the Complaint under the Joint Tortfeasors Contribution Act, as more fully set forth at N.J.S.A., 2A:53-1, et seq.

### CROSS-CLAIM FOR INDEMNIFICATION

While denying any liability to Plaintiff, Williams-Sonoma states that if it is found to be so liable, its liability is secondary and imputed and derivative from that of co-defendants, and therefore, Williams-Sonoma demands complete indemnification from co-defendants, including costs and attorneys' fees.

### CROSS-CLAIM FOR CONTRACTUAL INDEMNIFICATION

While denying any liability to Plaintiff, Williams-Sonoma asserts that there arises out of its relationship with Excel Direct a contractual obligation entitling it to indemnification from Excel Direct should any liability be found against Williams-Sonoma.

SM1\32110734869.1                    -9-

## ANSWER TO CROSS-CLAIMS

Williams-Sonoma denies the allegations of any and all cross-claims filed against it or which may be filed against it.

## DEMAND FOR STATEMENT OF DAMAGES

PLEASE TAKE NOTICE, that pursuant to R. 4:5-2, Williams-Sonoma demands that Plaintiff furnish a statement of damages claimed within the time prescribed by the Rules of Court.

WHEREFORE, Williams-Sonoma seeks judgment:

(a) Denying all relief sought by Plaintiff and dismissing the Complaint in its entirety, with prejudice;

(b) Denying certification of this action as a class action;

(c) Awarding Williams-Sonoma its costs and disbursements associated with this action, including reasonable attorneys' fees, to the maximum extent allowed by law;

(d) Awarding Williams-Sonoma all relief sought by virtue of its cross-claims, including costs and attorneys' fees; and

(e) Granting Williams-Sonoma such other and further relief as this Court deems just and proper.

Dated: New York, New York
November 11, 2013

Respectfully submitted,

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By: _____
Jonathan Stoler
Sam J. Kirby

30 Rockefeller Plaza
New York, New York 10112
Telephone: (212) 653-8700
Facsimile: (212) 653-8701
*Attorneys for Defendant Williams-Sonoma, Inc.*

## RULE 11.1 CERTIFICATION

Defendant Williams-Sonoma, Inc., by and through its attorneys, hereby certifies that to the best of its knowledge and belief: (i) the matter in controversy is not the subject of any other action pending in any other court or arbitral forum; (ii) arbitration of this matter is being contemplated; and (iii) no other party should be joined in the within action.

Dated: New York, New York
November 11, 2013

Respectfully submitted,

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By: _____
Jonathan Stoler
Scott J. Kirby

30 Rockefeller Plaza
New York, New York 10112
Telephone: (212) 653-8700
Facsimile: (212) 653-8701
*Attorneys for Defendant Williams-Sonoma, Inc.*

### DESIGNATION OF TRIAL COUNSEL

Pursuant to New Jersey Rule 4:5-1(c), Williams-Sonoma, Inc. hereby designates Jonathan Sigler of the firm Sheppard, Mullin, Richter & Hampton LLP as trial counsel in this matter.

Dated: New York, New York      Respectfully submitted,
       November 11, 2013

                               SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

                               By: _____
                                        Jonathan Sigler
                                        Sean F. Kirby

                               30 Rockefeller Plaza
                               New York, New York 10112
                               Telephone:  (212) 653-8700
                               Facsimile:  (212) 653-8701
                               *Attorneys for Defendant Williams-Sonoma, Inc.*

SMRH:00734739.1                        -15-

Case 3:14-cv-07047-AET-LHG Document 3 Filed 11/19/14 Page 49 of 96 PageID: 144

CERTIFICATE OF SERVICE

I, SEAN KIRBY, hereby certify that on November 11, 2014, I cause a copy of William-Sonoma, Inc.'s Answer, Affirmative Defenses, and Cross-Claim to be served via Federal Express overnight delivery, upon the following counsel of record:

The Sultzaju Law Firm, P.C.
Ravi Sattiraju, Esq.
116 Village Boulevard, Suite 200
Princeton, New Jersey 08540
*Counsel to Plaintiff Camillo Bahamonte-Ramirez*

Mashel Law, LLC
Anthony Almeida, Esq.
500 Campus Drive
Suite 302
Morganville, New Jersey 07751
*Counsel to JJP Trucking, LLC*

Sean Kirby

**GENOVA BURNS GIANTOMASI WEBSTER LLC**
John C. Petrella – 003961989
Peter F. Berk – 18592000
494 Broad Street
Newark, New Jersey 07102
Phone: 973-533-0777
Fax: 973-533-1112
Attorneys for Exel Direct, Inc. (n/k/a MXD Group, Inc.)

|  |  |
|---|---|
| CAMILLO ECHAVARRIA-RAMIREZ on behalf of himself and all other similarly situated persons, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION MIDDLESEX COUNTY |
| Plaintiff, | DOCKET NO. MID-L-6373-12 |
| v. | Civil Action |
| WILLIAM SONOMA, INC., J&J TRUCKING, INC., EXEL DIRECT, INC., ABC CORP., & JANE AND JOHN DOES, | ANSWER AND AFFIRMATIVE DEFENSES TO SECOND AMENDED CLASS ACTION COMPLAINT AND JURY DEMAND |
| Defendants. | |

Exel Direct, Inc. (n/k/a MXD Group, Inc. ) ("Exel"), by and through its attorneys, Genova Burns Giantomasi Webster LLC, respectfully answers Plaintiff's Second Amended Class Action Complaint and Jury Demand (the "Complaint"), pursuant to R. 4:5, *et seq.*, as follows:

<u>AS TO ANSWER</u>

<u>AS TO THE PARTIES</u>

1.    Exel is without sufficient information to form a belief as to whether Plaintiff resided in New Brunswick, New Jersey at all times relevant to this matter, and therefore denies

11623000v1 (21258.002)

that allegation, and Exel denies the remaining allegations contained in Paragraph 1 of the Complaint.

2. Exel admits Plaintiff is attempting to bring this action on behalf of himself and on behalf of a class, but denies the class description is appropriate and that the case is suitable for class action treatment under any circumstances, and Exel denies the remaining allegations contained in Paragraph 2 of the Complaint.

3. Exel admits it contracts with independent contractors to provide certain services that could include deliveries from a New Jersey facility and that helpers may be involved, but Exel denies the remaining allegations contained in Paragraph 3 of the Complaint.

4. Exel lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 4 of the Complaint, and Exel therefore denies the allegations contained in Paragraph 4 of the Complaint.

5. Exel lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 5 of the Complaint, and Exel therefore denies the allegations contained in Paragraph 5 of the Complaint.

6. Exel denies the allegations contained in Paragraph 6 of the Complaint.

7. Exel denies the allegations contained in Paragraph 7 of the Complaint.

8. Exel denies the allegations contained in Paragraph 8 of the Complaint.

### AS TO SPECIFIC ALLEGATIONS

9. Exel denies the allegations contained in Paragraph 9 of the Complaint.

10. Exel denies the allegations contained in Paragraph 10 of the Complaint.

2

11.    Exel lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 11 of the Complaint, and Exel therefore denies the allegations contained in Paragraph 11 of the Complaint.

12.    Exel admits that Exel Direct, Inc. was a third-party logistics company, but Exel denies the remaining allegations contained in Paragraph 12 of the Complaint.

13.    Exel denies the allegations contained in Paragraph 13 of the Complaint.

14.    Exel admits it contracts with independent contractors to provide certain services that could include deliveries from a New Jersey facility, but Exel denies the remaining allegations contained in Paragraph 14 of the Complaint.

15.    Exel denies the allegations contained in Paragraph 15 of the Complaint.

16.    Exel denies the allegations contained in Paragraph 16 of the Complaint.

17.    Exel denies the allegations contained in Paragraph 17 of the Complaint.

18.    Exel denies the allegations contained in Paragraph 18 of the Complaint.

19.    Exel admits Plaintiff purports to bring this action as a class action, but Exel denies the class description is appropriate and that the case is suitable for class action treatment under any circumstances, and Exel denies the remaining allegations contained in Paragraph 19 of the Complaint.

20.    Exel denies the allegations contained in Paragraph 20 of the Complaint.

21.    Exel denies the allegations contained in Paragraph 21 of the Complaint.

    a.    Exel denies the allegations contained in Subparagraph "a" of Paragraph 21 of the Complaint.

    b.    Exel denies the allegations contained in Subparagraph "b" of Paragraph 21 of the Complaint.

3

22. Exel denies the allegations contained in Paragraph 22 of the Complaint.

23. Exel denies the allegations contained in Paragraph 23 of the Complaint.

24. Exel denies the allegations contained in Paragraph 24 of the Complaint.

25. Exel denies the allegations contained in Paragraph 25 of the Complaint.

26. Exel denies the allegations contained in Paragraph 26 of the Complaint.

27. Exel lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 27 of the Complaint, and Exel therefore denies the allegations contained in Paragraph 27 of the Complaint.

## COUNT ONE

### NEW JERSEY WAGE AND HOUR LAW

28. Exel incorporates by reference its responses to the allegations contained in Paragraph 1 through Paragraph 27 of the Complaint.

29. Exel denies the allegations contained in Paragraph 29 of the Complaint.

30. Exel denies the allegations contained in Paragraph 30 of the Complaint.

### PRAYER FOR RELIEF

Exel denies that Plaintiff is entitled to any of the relief requested in his Complaint, including the relief requested within the "WHEREFORE" paragraph on page 6 of the Complaint.

### DEMAND FOR JURY TRIAL

Exel denies that Plaintiff is entitled to a trial by jury.

4

11623000v1 (21258.002)

## AFFIRMATIVE DEFENSES

Exel, pursuant to R. 4:6-1, *et seq.*, asserts the following Affirmative Defenses to the Complaint and the claims of the putative class members Plaintiff seeks to represent:

1. As independent contractors, the plaintiff purported class is not entitled to any of the relief requested.

2. Plaintiff and the purported class members (collectively, "Plaintiffs") have waived any claims and should be estopped from asserting claims that they may have against Exel to the extent they have continued do business with Exel.

3. Plaintiffs' claims for damages are barred, in whole or in part, by Plaintiffs' failure to mitigate their damages.

4. Some or all of Plaintiffs' claims are barred by accord and satisfaction.

5. Some or all of Plaintiffs' claims are barred by the doctrine of laches.

6. Some or all of Plaintiffs' claims are barred by the doctrine of payment.

7. Some or all of Plaintiffs' claims are barred by the doctrine of waiver.

8. Some or all of Plaintiffs' claims should be reduced by the doctrine of set-off.

9. Some or all of Plaintiffs' claims are barred by the doctrine of estoppel.

10. Some or all of Plaintiffs' claims are barred by the applicable statute of limitations.

11. Some or all of Plaintiffs' claims are barred because Plaintiffs consented to the alleged conduct of Exel.

12. The Complaint should be dismissed because Plaintiffs failed to state a claim upon which relief can be granted.

5

13. The Complaint should be dismissed because Plaintiffs have failed to exhaust all administrative remedies available and required to secure the benefits and protections to which they claim to have been entitled pursuant to applicable law.

14. To the extent Plaintiffs seek to recover equitable relief, Plaintiffs are not entitled to such relief because they have an adequate remedy at law.

15. To the extent the Plaintiffs lack standing, their claims should be dismissed, including that Plaintiff Echavarria had no working relationship with Exel.

16. Plaintiffs' claims cannot be maintained on a class action basis because Plaintiffs' claims fail to meet the necessary requirements for certification as a class action.

17. Some or all of Plaintiffs' claims are preempted by federal statutes and regulations, including the Federal Aviation Authorization Act of 1994.

18. If Plaintiffs and purported class members were to recover in this action, they would be unjustly enriched.

19. Some or all of Plaintiffs' recovery, if any resulting from a reclassification of Plaintiffs' independent contractor status, must be reduced by the doctrine of rescission and/or restitution. For example, if Plaintiffs succeed in demonstrating that they are employees of Exel or any other defendant, their contracts must be rescinded back to the time of their formation (reclassification of Plaintiffs' status from independent contractor to employee would fundamentally change the parties' contracting assumptions and expectations) and all parties must be returned to their respective positions before the contracts were signed.

20. Pursuant to contracts Plaintiffs signed, they are required to indemnify the Exel for costs, attorneys' fees, and other expenses Exel incurs in defending against the Complaint to the extent they were properly classified as independent contractors.

6

11623000v1 (21258.002)

21.   Plaintiffs' claims must be dismissed to the extent they relate to work activities performed outside New Jersey because New Jersey law does not apply to work activities performed outside the state.

22.   Plaintiffs are exempt from the payment of overtime as alleged in the Complaint.

23.   The compensation paid to Plaintiffs covered all hours worked and expenses incurred.

24.   Exel will rely on all defenses lawfully available to it at the time of trial and reserves the right to amend its answer and affirmative defenses to include additional defenses after the completion of discovery or if additional facts are discovered tending to demonstrate Plaintiff Echavarria provided any services to Exel.

25.   Without waiving its ability to oppose class certification and explicitly asserting its opposition to the propriety of class treatment, if the Court does certify a class in this case over Exel's objections, then Exel asserts the affirmative defenses set forth above against each and every member of the certified class.

Exel respectfully requests that (a) this action not be certified as a class action; (b) Plaintiff takes nothing by way of his Complaint; (c) judgment be entered against Plaintiff and in favor of Exel; (d) Exel be awarded attorney fees and costs incurred in this action; and (e) Exel be awarded all other necessary and proper relief.

Dated: January 2, 2014

Respectfully submitted,

John C. Petrella
Peter F. Berk
Attorneys for Defendant Exel Direct, Inc. (n/k/a
MXD Group, Inc.)

7

## RULE 4:5-2 DEMAND FOR STATEMENT OF DAMAGES

Exel demands the Plaintiff furnish Exel with a written statement of the amount claimed

by Plaintiff in the Complaint within five (5) days of receipt hereof.

John C. Petrella
Peter F. Berk
Attorneys for Defendant Exel Direct, Inc. (n/k/a
MXD Group, Inc.)

## DESIGNATION OF TRIAL COUNSEL.

Pursuant to the provisions of R. 4:25-4, the Court is advised that John C. Petrella, Esq.

is hereby designated as trial counsel. The case shall be tried by Mr. Petrella as well as Mr.

Robert L. Browning, Esq. (to be admitted *pro hac vice*), Mr. Andrew Butcher (to be admitted

*pro hac vice*), and Mr. Ryan Wright (to be admitted *pro hac vice*).

John C. Petrella
Peter F. Berk
Attorneys for Defendant Exel Direct, Inc. (n/k/a
MXD Group, Inc.)

Dated: January 2, 2014

## CERTIFICATION PURSUANT TO R.4:5-1(b)(2)

Defendant Exel Direct, Inc. (n/k/a MXD Group, Inc.) through its counsel, hereby

certifies that, to the best of its knowledge and belief: (i) the matter in controversy is not the

subject of any other action pending in any other court or of a pending arbitration proceeding;

and (ii) no other party should be joined in the within action.

John C. Petrella
Peter F. Berk
Attorneys for Defendant Exel Direct, Inc. (n/k/a
MXD Group, Inc.)

Dated: January 2, 2014

8

11623000v1 (21258,002)

<u>CERTIFICATE OF SERVICE</u>

I, Peter F. Berk, am an attorney at law of the State of New Jersey and an associate with the firm of Genova Burns Giantomasi Webster LLC, attorneys for Defendant Exel Direct, Inc., (n/k/a MXD Group, Inc.) in the above captioned matter.

1.    I hereby certify that the above Answer was served within the time prescribed, as extended by Stipulation of the parties, by R. 4:6-1.

2.    On January 2, 2014, I caused one copy of the within Answer, together with the Case Information Statement to be forwarded by my office in Newark, New Jersey by Hand Delivery to the following persons:

Ravi Sattiraju, Esq.
The Sattiraju Law Firm, P.C.
116 Village Blvd., Suite 200
Princeton, New Jersey 08540

Paul A. O'Connor, Esq.
O'Connor, Parsons & Lane, LLC
435 Broad Street
Westfield, New Jersey  07090

3.    I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

By:  _____
                Peter F. Berk

11623000v1 (21258.002)

GENOVA BURNS GIANTOMASI WEBSTER LLC
John C. Petrella- 003961989
Peter F. Berk- 018592000
494 Broad Street
Newark, New Jersey 07102
TEL: (973) 533-0777
FAX: (973) 533-1112
Attorneys for Defendant, Exel Direct, Inc. (n/k/a MXD Group, Inc.)

714

**F I L E D**

**JAN 3 1 2014**

ARTHUR BERGMAN, J.S.C.

| | |
|---|---|
| CAMILLO ECHAVARRIA, on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WILLIAMS SONOMA, INC., J & J TRUCKING, INC., EXEL DIRECT, INC., ABC CORP., and JANE AND JOHN DOES,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>MIDDLESEX COUNTY<br><br>DOCKET NO.: MID-L-6373-12<br><br>ORDER ADMITTING ROBERT L. BROWNING, ANDREW J. BUTCHER AND RYAN W. WHITE *PRO HAC VICE* |

THIS MATTER, having been brought before the Court on the application of Genova

Burns Giantomasi Webster LLC, attorneys for Defendant, Exel Direct, Inc. (n/k/a MXD Group,

Inc.) ("Defendant"), for the admission *pro hac vice* of Robert L. Browning, Andrew J. Butcher

and Ryan W. White to appear as co-counsel on behalf of Defendant, and the Court having

considered the Certifications submitted in support of said application, and good cause pursuant to

R. 1:21-2(a)(3) having been shown;

IT IS on this 31st day of January, 2014,

ORDERED that Robert L. Browning, Andrew J. Butcher and Ryan W. White are hereby

admitted *pro hac vice* to appear in this matter as co-counsel on behalf of Defendant.

ORDERED that the above-named attorneys are hereby required to abide by the Rules

Governing the Courts of the State of New Jersey, including all disciplinary rules; and it is

11621097v1 (71258.002)

ORDERED that the above named attorneys are hereby directed to, and thereby consent to, appoint the Clerk of the Supreme Court as agent upon whom service of process may be made for all actions against said attorneys which may arise out of their participation in this matter; and it is

ORDERED that the above-named attorneys are hereby required to notify this Court of any matter affecting their standings before the bar of any other Court; and it is

ORDERED that the above-named attorneys shall have all pleadings, briefs, and other papers filed with the Court signed by an attorney of record authorized to practice in the State of New Jersey and before this Court, who shall be responsible for said papers and for the conduct of the cause and of the aforesaid attorneys admitted *pro hac vice* herein; and it is

ORDERED that the above named attorneys shall make payment to and otherwise comply with the requirements of the New Jersey Lawyers' Fund for Client Protection as provided for in R. 1:28-2(a), to the Oversight Committee in accordance with R. 1:20-1(b), and to the Lawyer's Assistance Program in accordance with R. 1:28B-1(e), such payment to be made during the period of each attorney's admission to represent Defendant in this matter; and

IT IS FURTHER ORDERED that a copy of this Order shall be served upon all counsel of record within seven (7) days of the date of this Order.

Hon. Jamie D. Happas, P.J.S.C.
ARTHUR BERGMAN

ARTHUR BERGMAN, J.S.C.

Motion:
Opposed:
Unopposed: ✓

**GENOVA BURNS GIANTOMASI WEBSTER LLC**
494 Broad Street
Newark, New Jersey 07102-3230
TEL: (973) 533-0777
FAX: (973) 533-1112
Attorneys for Defendant, Exel Direct Inc.

RECEIVED AND FILED
2014 JAN -2 P 2: 33
CIVIL OFFICE
MIDDLESEX VICINAGE

| | |
|---|---|
| CAMILLO ECHAVARRIA-RAMIREZ, on behalf of herself and all other similarly situated persons<br><br>Plaintiffs,<br><br>v.<br><br>WILLIAM SONOMA, INC., J&J TRUCKING, INC., EXEL DIRECT INC. ABC CORP., & JANE AND JOHN DOES<br><br>Defendants, | SUPERIOR COURT OF NEW JERSEY MIDDLESEX COUNTY; LAW DIVISION<br><br>DOCKET NO. MID-L-6373-12<br><br>CIVIL ACTION<br><br>STIPULATION EXTENDING TIME TO ANSWER |

IT IS HEREBY STIPULATED AND AGREED by and between the undersigned attorneys for Plaintiff, Camillo Echavarria-Ramirez and attorneys for Defendant, Exel Direct Inc. that the time within which Defendant may serve its answer to the Second Amended Complaint, is extended to and including January 2, 2014.

**THE SATTIRAJU LAW FIRM**
Attorneys for Plaintiff

By: _____
Ravi Sattiraju, Esq.

Dated: 12/23/13

**GENOVA BURNS GIANTOMASI & WEBSTER LLC**
Attorneys for Defendant

By: _____
Peter F. Berk, Esq.

Dated:

11606472v1 (21236.001)

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION: MIDDLESEX COUNTY
P.O. BOX 964
NEW BRUNSWICK, NJ 08903-0964
(732) 519-3642

**FILED**

**FEB 24 2014**

JUDGE JESSICA R. MAYER

Camillo Echavarria-Ramirez,
Plaintiff,

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION: MIDDLESEX COUNTY
DOCKET NO.:   MID-L-6373-12

vs.

CIVIL ACTION

William Sonoma, Inc., et al.,
Defendants.

**CASE MANAGEMENT ORDER**

THIS MATTER having been scheduled for a Case Management conference before the Honorable Jessica

R. Mayer, J.S.C., on February 24, 2014; and good cause having been shown;

IT IS on this 24th day of February, 2014

ORDERED as follows:

| | Item | Scheduled/Completion Date |
|---|---|---|
| A. | Discovery end date | April 25, 2014 |
| B. | Trial | June 23, 2014 |
| C. | | |
| D. | | |
| E. | | |
| F. | | |
| G. | | |
| H. | | |
| E. | | |
| F. | | |

Case is still coded as Track 2 — not designated as

ORDERED that counsel shall serve a copy of the within Order upon ALL parties of record within seven
(7) days of the date hereof.

class 1
history
as of
date of
CMC

JESSICA R. MAYER, J.S.C.

CAMILLO ECHAVARRIA-RAMIREZ
    On behalf of herself and all other
    similarly situated persons

    Plaintiffs,

v.

WILLIAM SONOMA, INC.,
J&J TRUCKING, INC., 3PD, INC.,
ABC CORP., & JANE AND JOHN DOES

    Defendants.

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION
MIDDLESEX COUNTY

DOCKET  NO. MID-L-6373-12

Civil Action

**CASE MANAGEMENT ORDER**

FILED

MAR 20 2014

Judge Barry A. Weisberg

    This matter having come before the Honorable Barry Weisberg, J.S.C. for a case management conference, and all counsel having been present to provide comment and information, and for good cause having been shown;

    IT IS on this ___ day of March, 2014, ORDERED that the following deadlines shall apply in this matter:

June 1, 2014:      All discovery shall be completed by this date. The parties may agree amongst themselves to conduct discovery beyond this point.

August 1, 2014:      Class certification  and summary judgment motions shall be filed by this date.

August 18, 2014:      Oppositions to motions shall be filed by this date.

August 24, 2014:      Reply briefs shall be filed by this date.

August 28, 2014:      Return date for class certification and summary judgment motions.

January 5, 2015:      All motions in limine and optional trial briefs shall be filed by this date.

January 12, 2015:      Trial date.

If there are pre-trial issues to be discussed, the parties are to set up a conference call with the Court.

ORDERED that a copy of this ORDER shall be served on all parties.

BARRY A. WEISBERG, J.S.C.

ORDER OF HON. BARRY A. WEISBERG, J.S.C.
SUPERIOR COURT OF NEW JERSEY
LAW DIVISION: MIDDLESEX COUNTY
P.O. BOX 964
NEW BRUNSWICK, NJ 08903-0964
(732) 519-3585

**FILED**

JUL 1 1 2014

Judge Barry A. Weisberg

CAMILLO ECHAVARRIA-RAMIREZ
On behalf of herself and all other
similarly situated persons,

Plaintiffs,

vs.

WILLIAM SONOMA, INC., J&J
TRUCKING, INC., 3PD, INC., ABC CORP.,
and/or JOHN DOES 1-10 (fictitious names),

Defendants.

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION — MIDDLESEX COUNTY

DOCKET NO.: MID-L-6373-12

Civil Action

ORDER

THIS MATTER having been opened to the Court by counsel by Plaintiff, and this Court having considered all papers filed in support of the motion and in opposition, and having duly considered the papers submitted and the arguments set forth, and for good cause shown,

IT IS on this 11th day of July, 2014;

ORDERED that Plaintiff shall serve upon Defendants JJP, Inc. and Exel Direct (n/k/a MXD) a factual inquiry as to the identity of certain persons by July 18, 2014;

ORDERED that responses to Plaintiff's inquiry shall be served by August 1, 2014;

ORDERED that responses regarding contact information shall be limited to names and last known addresses;

ORDERED that the discovery end date is extended to October 1, 2014;

ORDERED that all depositions shall be completed by September 15, 2014;

ORDERED that motions for class certification and dispositive motions shall be filed by October 15, 2014;

ORDERED that the trial date is January 12, 2015;

ORDERED that a copy of this Order shall be served upon all counsel within seven (7) days of this Order.

HON. BARRY A. WEISBERG, J.S.C.

THE SATTIRAJU LAW FIRM, P.C.
Ravi Sattiraju, Esq.
116 Village Boulevard, Suite 200
Princeton, New Jersey 08540
Tel: (609) 799-1266
Fax: (609) 799-1267

O'CONNOR, PARSONS & LANE, LLC
Paul A. O'Connor, Esq.
435 Broad Street
Westfield, New Jersey 07090
Tel: (908) 928-9200
Fax: (908) 928-9232

Attorneys for Plaintiffs and All Other
Similarly Situated Persons

| | |
|---|---|
| CAMILLO ECHAVARRIA, JOHNATHAN MARK ADELS, JAMES LABRIE, MAYCOL GOMEZ, PLINIO ANGULO, JOSE CRUZ, HENRY RIVERA, JOSE SANTOS, REINALDO RODRIGUEZ, ANDRES CRUZ, and CARLOS VARGAS, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION<br><br>MIDDLESEX COUNTY<br><br>DOCKET NO. MID-L-6373-12 |
| On behalf of themselves and all other similarly situated persons, | Civil Action |
| Plaintiffs, | |
| v. | **THIRD AMENDED CLASS ACTION COMPLAINT AND JURY DEMAND** |
| WILLIAM SONOMA, INC., J&J TRUCKING, INC. (a/k/a JJP), MXD, Inc. (f/k/a EXEL DIRECT, INC.), ., ABC CORP., & JANE AND JOHN DOES | |
| Defendants. | |

Plaintiffs, Camillo Echavarria-Ramirez, Johnathan Mark Adels, James Labrie, Maycol

Gomez, Plinio Angulo, Jose Cruz, Henry Rivera, Jose Santos, Reinaldo Rodriguez, Andres Cruz,

and Carlos Vargas (hereinafter "Plaintiffs"), on behalf of themselves and all other similarly

1

situated persons, by way of Class Action Complaint against Defendants, Williams Sonoma, Inc.
(hereinafter "Williams Sonoma"), J&J Trucking, Inc. (hereinafter "J&J"). MXD, Inc. (f/k/a Exel
Direct, Inc.) (hereinafter "MXD") ABC Corps. and Jane and John Does, states as follows:

### THE PARTIES

1. Plaintiff Camilio Echavarria has resided in New Brunswick, New Jersey at all
times relevant to this matter, and was employed by Defendants in Monroe Township, Middlesex
County, New Jersey.

2. Plaintiff Johnathan Mark Adels has resided in Westville, New Jersey at all times
relevant to this matter, and was employed by Defendants in Monroe Township, Middlesex
County, New Jersey.

3. Plaintiff James Labrie has resided in Elizabeth, New Jersey at all times relevant to
this matter, and was employed by Defendants in Monroe Township, Middlesex County, New
Jersey.

4. Plaintiff Maycol Gomez has resided in Camden, New Jersey at all times relevant
to this matter, and was employed by Defendants in Monroe Township, Middlesex County, New
Jersey.

5. Plaintiff Plinio Angulo has resided in Newark, New Jersey at all times relevant to
this matter, and was employed by Defendants in Monroe Township, Middlesex County, New
Jersey.

6. Plaintiff Jose Cruz has resided in West New York, New Jersey at all times
relevant to this matter, and was employed by Defendants in Monroe Township, Middlesex
County, New Jersey.

2

7. Plaintiff Henry Rivera has resided in Belleville, New Jersey at all times relevant to this matter, and was employed by Defendants in Monroe Township, Middlesex County, New Jersey.

8. Plaintiff Jose Santos has resided in Elizabeth, New Jersey at all times relevant to this matter, and was employed by Defendants in Monroe Township, Middlesex County, New Jersey.

9. Plaintiff Reinaldo Rodriguez has resided in Elizabeth, New Jersey at all times relevant to this matter, and was employed by Defendants in Monroe Township, Middlesex County, New Jersey.

10. Plaintiff Andres Cruz has resided in Monmouth Junction, New Jersey at all times relevant to this matter, and was employed by Defendants in Monroe Township, Middlesex County, New Jersey.

11. Plaintiff Carlos Vargas has resided in Woodbridge, New Jersey at all times relevant to this matter, and was employed by Defendants in Monroe Township, Middlesex County, New Jersey.

12. The Class of similarly situated plaintiffs, who all resided in New Jersey at all times relevant to this matter, is defined as:

> All individuals that were based out of the William Sonoma facility in Monroe, New Jersey that performed truck driving and/or helper functions from August 2010 to the present.

13. Drivers delivered goods from Williams Sonoma facility in Monroe, New Jersey to its customers. Helpers traveled with Drivers to assist with deliveries at the facility and on the road.

14. Defendant, Williams-Sonoma, Inc., which has its principal place of business located at 3250 Van Ness Avenue, San Francisco, CA 94109, is an employer of Plaintiffs, and all other similarly situated employees that are based at its location in Monroe, New Jersey.

15. Defendant, J&J Trucking (a/k/a JJP), is an employer of Plaintiff Camillo Echavarria, and certain other similarly situated employees, as defined by the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a et seq., and has its primary place of business at 731 Rutherford Avenue, Woodbridge, New Jersey 07901.

16. Defendant MXD, Inc. (f/k/a Exel Direct, Inc.) is an employer of Plaintiffs, and all other similarly situated employees, as defined by the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a et seq., and has its primary place of business at 350 Mac Lane, Keasbey, New Jersey 08832.

17. Defendants, ABC CORPS. and/or JANE/JOHN DOES are joint employers of the remaining other similarly situated employees, as defined by the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a et seq., which entered into agreements to provide Drivers and/or Helpers with Defendants Exel Direct, Inc. and/or Williams Sonoma, Inc.

18. Venue is proper in this Court given that the majority of underlying facts occurred in Middlesex County.

4

## SPECIFIC ALLEGATIONS

19.    Plaintiffs and all Class Members were assigned to perform non-exempt tasks as Truck Drivers and/or Helpers for Williams Sonoma and were based out of its facility in Monroe, New Jersey.

20.    Williams Sonoma entered into business relationships with other entities, including MXD, Inc., J&J Trucking and John/Jane Does and ABC Corps. to conceal the fact that it had an employer-employee relationship with Plaintiffs and all Class Members.

21.    Williams Sonoma controlled the manner and means in which Plaintiffs and all Class Members performed their duties.  Specifically, Plaintiffs and all Class Members all reported to work at Williams Sonoma, took instruction from Williams Sonoma employees, communicated with Williams Sonoma employees while delivering their routes during the workday and handled paperwork and invoices with Williams Sonoma customers.  Williams Sonoma had the authority to reprimand and terminate Plaintiffs and all Class Members.  As such, Williams Sonoma was an employer of Plaintiffs and all other Class Members under the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a et seq.

22.    MXD, Inc. is a third-party logistics company that has a physical presence at William Sonoma's Monroe facility.  J&J Trucking and John/Jane Does and/or ABC Corps. entered into agreements with MXD and/or Williams Sonoma to provide Truck Drivers and/or Helpers to work at Williams Sonoma's Monroe location.

23.    J&J Trucking, John and Jane Does/ABC Corps. and MXD are employers under the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a et seq., because they acted directly in the interest of Williams Sonoma by conspiring with Williams Sonoma to conceal the fact that Williams Sonoma employed Plaintiffs and all other Class Members, and given that they also controlled aspects of the employment of Plaintiffs and all other Class Members.

24.     Plaintiffs and all Class Members delivered furniture and other materials from Williams Sonoma's distribution facility in Monroe, New Jersey to its customers.

25.     Plaintiffs and Class Members are not independent contracts as defined by N.J.S.A. 43:21-19(i)(6)(A)(B)(C).

26.     Plaintiffs and Class members are not exempt under the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a et seq.

27.     Plaintiffs and Class Members routinely worked far in excess of forty (40) hours per week for Defendants and were not paid 1.5 times their hourly rate when they worked over forty (40) hours per week.

28.     Defendants' ongoing illegal policies of failing to pay Class Members for time worked has resulted in Class Members being denied substantial legally required compensation and/or overtime payments given that Class Members routinely worked in excess of forty hours per week.

29.     This action is brought and may properly proceed as a class action, pursuant to R. 4:32 of the Rules Governing the Court of the State of New Jersey.

30.     The Class for whose benefit this action is brought is so numerous that joinder of all members is impracticable.

31.     There are questions of law and fact common to all members of the Class that predominate over questions affecting only individuals. These common questions include:

         a.   Whether Class Members were not paid 1.5 times their hourly rate when they worked over 40 hours per week; and

         b.   Whether this conduct violates the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a et seq.

6

32.   Plaintiffs do not have interests antagonistic to those of the Class Members. Plaintiffs' claims are typical of the claims of the Class Members.

33.   Plaintiffs will fairly and adequately protect the interests of the Class, and have retained competent counsel experienced in this type of matter.

34.   Common questions of law and fact predominate over any questions that only affect individual class members.

35.   A class action is superior to other available methods for the fair and efficient adjudication of this controversy, and will cause an orderly and expeditious administration of the Class' claims.

36.   The prosecution of separate actions by individual members of the Class would run the risk of inconsistent or varying adjudications. Prosecution as a class action will also eliminate the possibility of repetitious litigation.

37.   This value of this matter falls below the $5 million threshold of the Class Action Fairness Act, 28 U.S.C. § 1332(d).

## COUNT ONE

## NEW JERSEY WAGE AND HOUR LAW

38.   Plaintiffs reassert Paragraphs 1-37 as if set forth at length herein.

39.   Defendants' conduct against the Class Members violates the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a et seq. by failing to compensate Class Members for all hours worked, and not paying overtime when Class Members worked over 40 hours per week.

40.   As a result of Defendants' conduct, the Class Members have endured significant economic damages.

7

**WHEREFORE,** Plaintiffs, on behalf of themselves and all other Class Members, respectfully requests that the Court enter judgment in their favor, together with (i) full compensation for all hours worked, including all legally required overtime payments, with interest; (ii) pre-judgment and post-judgment interest at the highest rates allowed by law; (vii) attorneys' fees, costs and expenses with appropriate enhancement; and (viii) all other legally permissible relief that the Court deems appropriate.

<u>DEMAND FOR JURY TRIAL</u>

Plaintiffs hereby demand a trial by jury.

**THE SATTIRAJU LAW FIRM, P.C**
Ravi Sattiraju, Esq.
116 Village Boulevard, Suite 200
Princeton, New Jersey 08540

**O'CONNOR, PARSONS & LANE, LLC**
Paul A. O'Connor, Esq.
435 Broad Street
Westfield, New Jersey 07090

Attorneys for Plaintiffs and All Other
Similarly Situated Persons

Date: October 16, 2014

8

## DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:5-1(c), Ravi Sattiraju, Esq. and Paul A. O'Connor, Esq. are hereby designated as trial counsel for Plaintiffs and all Class Members.

THE SATTIRAJU LAW FIRM, P.C.
Ravi Sattiraju, Esq.
116 Village Boulevard, Suite 200
Princeton, New Jersey 08540

O'CONNOR, PARSONS & LANE, LLC
Paul A. O'Connor, Esq.
435 Broad Street
Westfield, New Jersey 07090

Attorneys for Plaintiffs and All Other
Similarly Situated Persons

Date: October 16, 2014

## CERTIFICATION PURSUANT TO R. 4:5-1

I hereby certify, pursuant to Rule 4:5-1 that the matter in controversy herein is the subject of no other pending legal proceeding or arbitration nor is any other legal proceeding contemplated to the best of my information and belief. Further, I know of no other party who should be joined in this lawsuit.

RAVI SATTIRAJU

Date: October 16, 2014

9

MASHEL LAW, L.L.C.
500 Campus Drive, Suite 303
Morganville, New Jersey 07751
T: (732) 536-6161
F: (732) 536-6165
E: asalmeida@mashellaw.com
Attorneys for Defendant JJP Trucking, L.L.C.
Erroneously plead as J&J Trucking, Inc.

BY: Anthony S. Almeida, Esq. (024552005)

| | |
|---|---|
| CAMILLO ECHAVARRIA-RAMIREZ<br>On behalf of himself and all other<br>similarly situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>WILLIAM SONOMA INC.,<br>J&J TRUCKING, INC., EXEL DIRECT,<br>INC., ABC CORP. & JANE & JOHN<br>DOES,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>MIDDLESEX COUNTY<br><br>DOCKET NO.: MID-L-6373-12<br><br><br>Civil Action<br><br>ANSWER TO THIRD AMENDED CLASS<br>ACTION COMPLAINT, SEPARATE<br>DEFENSES, CROSS-CLAIMS, ANSWER<br>TO ALL CROSS-CLAIMS, JURY<br>DEMAND & DESIGNATION OF TRIAL<br>COUNSEL |

Defendant JJP Trucking, L.L.C., improperly plead as J&J Trucking, Inc. (hereinafter "J&J") by way of Answer to Plaintiff's Third Amended Class Action Complaint, responds:

<u>THE PARTIES</u>

1.      This Defendant only admits that this specific Plaintiff performed some work or services for said Defendant for a very limited period of time. Defendant is without sufficient knowledge or information to form a belief regarding the truth of the rest of the allegations contained in this Paragraph.

2.      This Defendant is without sufficient knowledge or information to form a belief regarding the truth of the allegation contained in this Paragraph.

3.      This Defendant is without sufficient knowledge or information to form a belief regarding the truth of the allegation contained in this Paragraph.

4.      This Defendant is without sufficient knowledge or information to form a belief regarding the truth of the allegation contained in this Paragraph.

5.      This Defendant is without sufficient knowledge or information to form a belief regarding the truth of the allegation contained in this Paragraph.

6.      This Defendant is without sufficient knowledge or information to form a belief regarding the truth of the allegation contained in this Paragraph.

7.      This Defendant is without sufficient knowledge or information to form a belief regarding the truth of the allegation contained in this Paragraph.

8.      This Defendant is without sufficient knowledge or information to form a belief regarding the truth of the allegation contained in this Paragraph.

9.      This Defendant is without sufficient knowledge or information to form a belief regarding the truth of the allegation contained in this Paragraph.

10.     This Defendant is without sufficient knowledge or information to form a belief regarding the truth of the allegation contained in this Paragraph.

11.     This Defendant is without sufficient knowledge or information to form a belief regarding the truth of the allegation contained in this Paragraph.

12.     This Defendant is without sufficient knowledge or information to form a belief regarding the truth of the factual allegation(s) contained in this Paragraph. To the extent that the Paragraph asserts a legal conclusion, this Defendant provides no answer as none is required.

13.     This Defendant is without sufficient knowledge or information to form a belief regarding the truth of the allegation contained in this Paragraph.

14.     This Defendant is without sufficient knowledge or information to form a belief regarding the truth of the allegation contained in this Paragraph.

15. To the extent that the Paragraph asserts legal conclusions, this Defendant provides no answers as none are required. All factual allegation(s) in this Paragraph are denied. Plaintiffs are left to their proofs.

16. This Defendant is without sufficient knowledge or information to form a belief regarding the truth of the factual allegation(s) contained in this Paragraph. To the extent that the Paragraph asserts a legal conclusion, this Defendant provides no answer as none is required.

17. This Defendant is without sufficient knowledge or information to form a belief regarding the truth of the factual allegation(s) contained in this Paragraph. To the extent that the Paragraph asserts a legal conclusion, this Defendant provides no answer as none is required.

18. This Defendant is without sufficient knowledge or information to form a belief regarding the truth of the factual allegation(s) contained in this Paragraph. To the extent that the Paragraph asserts a legal conclusion, this Defendant provides no answer as none is required.

## SPECIFIC ALLEGATIONS

19. This Defendant is without sufficient knowledge or information to form a belief regarding the truth of the factual allegation(s) contained in this Paragraph. To the extent that the Paragraph asserts a legal conclusion, this Defendant provides no answer as none is required.

20. This Defendant is without sufficient knowledge or information to form a belief regarding the truth of the factual allegation(s) contained in this Paragraph. To the extent that the Paragraph asserts a legal conclusion, this Defendant provides no answer as none is required.

21. This Defendant is without sufficient knowledge or information to form a belief regarding the truth of the factual allegation(s) contained in this Paragraph. To the extent that the Paragraph asserts a legal conclusion, this Defendant provides no answer as none is required.

22. This Defendant is without sufficient knowledge or information to form a belief regarding the truth of the factual allegation(s) contained in this Paragraph. To the extent that the Paragraph asserts a legal conclusion, this Defendant provides no answer as none is required.

23.     To the extent that the Paragraph asserts legal conclusions, this Defendant provides no answers as none are required. All factual allegation(s) in this Paragraph are denied. Plaintiffs are left to their proofs.

24.     This Defendant is without sufficient knowledge or information to form a belief regarding the truth of the allegation contained in this Paragraph.

25.     This Defendant is without sufficient knowledge or information to form a belief regarding the truth of the factual allegation(s) contained in this Paragraph. To the extent that the Paragraph asserts a legal conclusion, this Defendant provides no answer as none is required.

26.     This Defendant is without sufficient knowledge or information to form a belief regarding the truth of the factual allegation(s) contained in this Paragraph. To the extent that the Paragraph asserts a legal conclusion, this Defendant provides no answer as none is required.

27.     This Defendant is without sufficient knowledge or information to form a belief regarding the truth of the factual allegation(s) contained in this Paragraph. To the extent that the Paragraph asserts a legal conclusion, this Defendant provides no answer as none is required.

28.     This Defendant is without sufficient knowledge or information to form a belief regarding the truth of the factual allegation(s) contained in this Paragraph. To the extent that the Paragraph asserts a legal conclusion, this Defendant provides no answer as none is required.

29.     This Defendant is without sufficient knowledge or information to form a belief regarding the truth of the factual allegation(s) contained in this Paragraph. To the extent that the Paragraph asserts a legal conclusion, this Defendant provides no answer as none is required.

30.     This Defendant is without sufficient knowledge or information to form a belief regarding the truth of the factual allegation(s) contained in this Paragraph. To the extent that the Paragraph asserts a legal conclusion, this Defendant provides no answer as none is required.

31.    This Defendant is without sufficient knowledge or information to form a belief regarding the truth of the factual allegation(s) contained in this Paragraph. To the extent that the Paragraph asserts a legal conclusion, this Defendant provides no answer as none is required.

32.    This Defendant is without sufficient knowledge or information to form a belief regarding the truth of the factual allegation(s) contained in this Paragraph. To the extent that the Paragraph asserts a legal conclusion, this Defendant provides no answer as none is required.

33.    This Defendant is without sufficient knowledge or information to form a belief regarding the truth of the factual allegation(s) contained in this Paragraph. To the extent that the Paragraph asserts a legal conclusion, this Defendant provides no answer as none is required.

34.    This Defendant is without sufficient knowledge or information to form a belief regarding the truth of the factual allegation(s) contained in this Paragraph. To the extent that the Paragraph asserts a legal conclusion, this Defendant provides no answer as none is required.

35.    This Defendant is without sufficient knowledge or information to form a belief regarding the truth of the factual allegation(s) contained in this Paragraph. To the extent that the Paragraph asserts a legal conclusion, this Defendant provides no answer as none is required.

36.    This Defendant is without sufficient knowledge or information to form a belief regarding the truth of the factual allegation(s) contained in this Paragraph. To the extent that the Paragraph asserts a legal conclusion, this Defendant provides no answer as none is required.

37.    This Defendant is without sufficient knowledge or information to form a belief regarding the truth of the factual allegation(s) contained in this Paragraph. To the extent that the Paragraph asserts a legal conclusion, this Defendant provides no answer as none is required.

## COUNT ONE

## NEW JERSEY WAGE AND HOUR LAW

38.    This Defendant repeats and reiterates its answer to the allegations of Paragraphs 1-37 as if set forth at length herein.

39. Denied.

40. Denied.

**WHEREFORE**, Defendant JJP Trucking, L.L.C. improperly plead as J&J Trucking, Inc., demands judgment against the plaintiff or plaintiffs dismissing the Complaint with prejudice and without costs.

<u>SEPARATE DEFENSES</u>

Without assuming any burden that would otherwise rest with Plaintiff, Defendant JJP Trucking, L.L.C., improperly plead as J&J Trucking, Inc., asserts the following separate defenses:

1. The Complaint fails to state a claim upon which relief can be granted as a matter of law.

2. Plaintiff's claims are barred due to the applicable Statute of Limitations.

3. Plaintiff's claims are barred by the doctrines of unclean hands, equitable estoppel, and laches.

4. Plaintiff's complaint is barred by the doctrines of unjust enrichment, waiver and set-off.

5. Plaintiff's claims are barred by his own malfeasance and nonfeasance.

6. Plaintiff lacks sufficient standing to bring this putative class action claim.

7. This defendant owed no duty to plaintiff.

8. This defendant is not responsible for the alleged non-payment and violated no duty owed to plaintiff.

9. Plaintiff's claims are barred or diminished by the doctrine of avoidable consequences.

10. Plaintiff's claims are barred by the doctrine of accord and satisfaction.

11. Plaintiff suffered no injuries as a result of this defendant's alleged actions or inactions.

12. Plaintiff's injuries, if any, were caused by third parties over which this defendant had no control.

13. This defendant has complied with all applicable laws, regulations and standards.

14. Plaintiff's claims are barred for failure to join indispensable parties.

15. Plaintiff's claims are barred or diminished by failure to mitigate damages.

16. Plaintiff's claims are barred in whole or in part due to the applicable Statute of frauds, parol evidence rule, and/or common law fraud.

17. Plaintiff's claims are barred in whole or in part due to his own negligent, intentional and/or malicious actions or inactions.

18. This defendant hereby incorporates each and every defense of each and every co-defendant as if set forth at length herein.

19. The allegations of the complaint against this defendant are false, frivolous and groundless and this defendant reserves right to seek sanctions, attorney's fees and costs pursuant to N.J.S.A. 2A:15-59:1-1, *et. seq.* and R. 1:4-8.

20. Plaintiffs were properly paid for all work they performed under all of New Jersey's wage-related laws.

21. This defendant reserves the right to assert any and all additional defenses as may be appropriate based on continuing investigation and discovery.

**WHEREFORE,** Defendant JJP Trucking, L.L.C., improperly plead as J&J Trucking, Inc., demands judgment against the plaintiff or plaintiffs dismissing the Complaint with prejudice and without costs.

## CROSS-CLAIM FOR CONTRIBUTION

1.      While denying any liability to plaintiff, this defendant demands contribution from all co-defendants named in the Complaint under the Joint Tortfeasors Contribution Act, as more fully set forth at N.J.S.A. 2A:53-1, *et. seq.*

## CROSS-CLAIM FOR INDEMNIFICATION

2.      While denying any liability to plaintiff, this defendant states that if it is found to be so liable, its liability is secondary and imputed and derivative from that of co-defendants, and therefore, this defendant demands complete indemnification from co-defendants, including costs and counsel fees.

## CROSS-CLAIM FOR CONTRACTUAL INDEMNIFICATION

3.      While denying any liability to plaintiff, this defendant asserts that there arises out of its relationship with co-defendants a contractual obligation entitling it to indemnification from co-defendants should liability be found against this defendant.

**WHEREFORE**, this answering Defendant demands judgment against co-defendants for indemnification of any sum for which it might be found liable.

## ANSWER TO CROSS-CLAIMS

1.      This answering defendant denies the allegations of any and all cross-claims filed or which may be filed against it.

**WHEREFORE**, Defendant JJP Trucking, L.L.C. improperly plead as J&J Trucking, Inc., demands judgment against the cross-claimants dismissing their cross-claims with prejudice and without costs.

### JURY DEMAND

Defendant JJP Trucking, L.L.C., improperly plead as J&J Trucking, Inc., demands a trial by jury on all issues so triable.

### DESIGNATION OF TRIAL COUNSEL

Please be advised that Stephan T. Mashel, Esquire, is hereby designated as trial counsel on behalf of defendant JJP Trucking, L.L.C. improperly plead as J&J Trucking, Inc.

### CERTIFICATION PURSUANT TO RULE 4:5-1 AND RULE 4:6

I certify that I am not aware of the matter in controversy being the subject of any other action pending in any court or arbitration forum. I certify that no such action or arbitration proceeding is presently contemplated.

I further certify that a copy of the within Answer to Complaint was served within the time prescribed by Rule 4:6.

### CERTIFICATION PURSUANT TO R. 4:5-1(b)(3)

I certify that confidential personal identifiers have been redacted from documents now submitted to the Court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

MASHEL LAW, L.L.C.
Attorneys for Defendant JJP Trucking, L.L.C.

Dated: November 06, 2014            By: _____
                                        ANTHONY S. ALMEIDA, ESQUIRE

# THE
# SATTIRAJU LAW FIRM, P.C.

116 Village Boulevard, Suite 200
Princeton, NJ 08540
P: 609.799.1266
F: 609.799.1267
www.sattirajulawfirm.com

RAVI SATTIRAJU*

OF COUNSEL
MICHELE C. COOK*
GREGORY B. NOBLE
THOMAS D. ATKINSON*

*Admitted to Practice in NJ and NY

New York Office
14 St. James Place
Lynbrook, NY 11563

SENDER'S DIRECT EMAIL
rsattiraju@sattirajulawfirm.com

January 22, 2015

**VIA FACSIMILE**
Hon. Anne E. Thompson, U.S.M.J.
United States District Court for the District of New Jersey
402 East State Street
Trenton, NJ 08608

_So Ordered_
_Anne E Thompson_
_U.S.D.J._
_1/22/15_

Re:  **Echavarria v. Williams Sonoma, Inc.**
     **Civil Case No. 3:14-cv-07207-AET-LHG**

Dear Judge Thompson:

This law firm represents Plaintiff, Camillo Echavarria-Ramirez, on behalf of himself and all other similarly situated persons in the aforementioned matter. Plaintiff respectfully requests a one week extension (until February 3, 2015) to file the reply brief on the pending Motion to Remand. My adversaries have graciously consented to this extension and are copied on this correspondence.

Please do not hesitate to contact me if Your Honor requires any further information. Your Honor's courtesies are greatly appreciated.

Respectfully Submitted,

RAVI SATTIRAJU

cc:   Robert L. Browning, Esq. (via electronic mail)
      Brian Murphy, Esq. (via electronic mail)
      Anthony S. Almeida, Esq. (via electronic mail)

RECEIVED

JAN 2 2 2015

AT 8:30_____M
WILLIAM T. WALSH CLERK

NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

CAMILLO ECHAVARRIA, ET AL.

    On behalf of themselves and all other
similarly situated persons

Plaintiffs,

v.

WILLIAM SONOMA, INC., J&J
TRUCKING, INC. (a/k/a JJP),
MXD, INC. (f/k/a EXEL DIRECT, INC.),
ABC CORP., & JANE AND JOHN DOES,

Defendants.

Civ. No. 14-7207

**ORDER**

THOMPSON, U.S.D.J.

    For the reasons set forth in the Opinion issued this same day,

    IT IS, on this 4th day of February, 2015

    ORDERED that Plaintiffs' Motion to Remand (Doc. No. 11) is GRANTED.


                                  */s/ Anne E. Thompson*
                                  ANNE E. THOMPSON, U.S.D.J.

<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

CAMILLO ECHAVARRIA, ET AL.

    On behalf of themselves and all other
    similarly situated persons

Plaintiffs,

v.

WILLIAM SONOMA, INC., J&J
TRUCKING, INC. (a/k/a JJP),
MXD, INC. (f/k/a EXEL DIRECT, INC.),
ABC CORP., & JANE AND JOHN DOES,

Defendants.

Civ. No. 14-7207

**OPINION**

<u>THOMPSON, U.S.D.J.</u>

    This matter is before the Court upon the Motion of Plaintiffs Camillo Echavarria,

Jonathan Mark Adels, James LaBrie, Maycol Gomez, Plinio Angulo, Jose Cruz, Henry Rivera,

Jose Santos, Reinaldo Rodriguez, Andres Cruz, and Carlos Vargars ("Plaintiffs")

to Remand the case to the Superior Court of New Jersey, Middlesex County. (Doc. No. 11).

Defendants MXD Group, Inc. oppose. (Doc. No. 13). The Court has decided this Motion based

on the parties' written submissions and without oral argument pursuant to Local Civil Rule

78.1(b). For the reasons stated herein, Plaintiffs' Motion for Remand will be granted.

BACKGROUND

    Plaintiffs originally filed this case in Middlesex County Superior Court on September 14,

2012. (Doc. No. 11, Pls.' Br. at 2). Plaintiffs' case is a class action on behalf of "[a]ll

individuals that were based out of the William Sonoma facility in Monroe, New Jersey that

performed truck driving and/or helper functions from August 2010 to the present." (Doc. No. 1,

Notice Removal, at 69). Plaintiffs allege that, under New Jersey law, they were not independent

contractors and were not exempt from the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a

*et seq.*, and that thus they are owed overtime payments for their work as truck drivers and helpers

at the William Sonoma facility. (*Id.* at 72). The parties apparently do not dispute that the

putative class contains over 100 members and that there is minimal diversity between the parties.

(Doc. No. 13, Def.'s Opp'n at 2.) They do, however, dispute the amount in controversy. (*Id.*)

DISCUSSION

A.  Legal Standard

The parties agree that the basis of federal jurisdiction in this case is the Class Action

Fairness Act, 28 U.S.C. § 1332(d)(2) ("CAFA"). If there is no jurisdictional basis under CAFA,

the case must be remanded to state court. *See* 28 U.S.C. § 1447(c). Jurisdiction will lie under

CAFA if the class has over 100 members, there is minimal diversity, and the amount in

controversy is over $5,000,000. 28 U.S.C. § 1332(d)(2).

Once a case has been removed to federal court from state court, if the facts forming the

basis for jurisdiction are disputed by the parties, the party alleging federal jurisdiction has the

burden to justify his allegations by a preponderance of the evidence. *See Dart Cherokee Basin*

*Operating Co. v. Owens*, 574 U.S. – , slip op., at 6 (Dec. 15, 2014) (requiring both parties to

submit proof where jurisdiction is contested, and the court decides, by a preponderance of the

evidence, whether the amount-in-controversy requirement has been satisfied); *Judon v. Travelers*

*Prop. Cas. Co. of America*, 773 F.3d 495, 504 (3d Cir. 2014) ("The *McNutt/Samuel-Bassett*

framework [requiring the party alleging jurisdiction to justify his allegations by a preponderance

of the evidence] applies where a challenge to the amount had been raised in the pleadings or the notice of removal, but 'no evidence or findings in the trial court addressed the issue.' *Samuel-Bassett*, 357 F.3d at 397; *McNutt*, 298 U.S. at 179–80"*); *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007). The District Court must determine the amount in controversy from a "reasonable reading of the value of the rights being litigated" based on the pleadings at the time of removal. *Angus v. Shiley Inc.*, 989 F.2d 142, 145 (3d Cir. 1993); *see Werwinski v. Ford Motor Co.*, 286 F.3d 661, 666 (3d Cir. 2002) ("A district court's determination as to the amount in controversy must be based on the plaintiff's complaint at the time the petition for removal was filed."); *Samuel-Bassett v. KIA Motors America, Inc.*, 357 F.3d 392, 397 (3d Cir. 2004).

 B. Analysis

  The debate at the heart of this motion is how to calculate the amount in controversy. Defendant claims that the amount in controversy is $7,328,271, which is well-above CAFA's $5,000,000 threshold. (Doc. No. 1, Notice of Removal, at 6). Defendant arrives at this figure by taking the total amount it paid to Cruz Delivery, the delivery company owned by Plaintiff Jose Cruz, and calculating a per hour rate from that figure. (*Id.*). Defendant claims it used this technique because it only has information regarding how much it paid to Cruz Delivery, not the hourly rate other members of the class received. (*Id.* at 7). Defendant states that it paid Cruz Delivery $743,231.03 over 193 weeks, and that, estimating a 50-hour work week, Mr. Cruz was accordingly paid $77.01 an hour. (*Id.* at 6–7). Defendant then uses that rate to calculate an aggregate value of $5,005,650: $77.01/hour x 0.5 for overtime x 10 hours of estimated overtime per week x 13,000 weeks. (*Id.* at 7). Defendant then adds another $2,322,621 to this figure because Plaintiffs allege that the violations are ongoing. (*Id.* at 8).

Plaintiffs contend that Defendant's calculation vastly overstates the amount in controversy because it uses the full amount paid to Cruz Delivery to calculate an hourly rate for each member of the class. (Doc. No. 16, Pls.' Reply Br., at 7). Plaintiffs argue that the $743,231.03 figure includes amounts paid to Cruz Delivery for "the costs of diesel, tolls, insurance, and the expense of paying any other drivers and helpers that worked for [Cruz]." (*Id.* at 8). Plaintiffs then state that the average pay for a member of the class was $130 per day, and that the average class member worked ten hours per day, so that the average rate was $10/hour. (*Id.*). Using Defendant's same equation, this rate gives a total amount in controversy of $650,000. (*Id.*).

The Court is persuaded that Plaintiff's calculation is more likely to prove correct, and that the amount in controversy is well below CAFA's $5 million threshold. Plaintiffs' Third Amended Complaint very explicitly seeks only overtime wages owed to members of the class in the capacity of truck drivers and helpers. (Doc. 1, Notice of Removal, at 69, 71-73). The United States Bureau of Labor Statistics reports that, as of May 2013, the mean hourly wages for "light truck or delivery services drivers" was $16.10.[1] This number is much closer to Plaintiffs' $10/hour figure than Defendant's $77.01/hour figure. Defendant offers no persuasive reason to use the entire amount paid to Cruz Delivery to calculate an overtime rate for Jose Cruz and the other members of the class when this amount contains certain costs, such as fuel, insurance, and tolls; even if those cost components are in controversy, they would not be used to calculate an overtime rate. Defendant urges the Court that this case is very similar to the recent *Lacross v. Knight Transp., Inc.*, case from the Ninth Circuit Court of Appeals where certain costs were

---

[1] Bureau of Labor Statistics, Occupational Employment and Wages, May 2013: 53-3033 Light Truck or Delivery Services Drivers, Occupational Employment Statistics (February 5, 2015 3:32 PM), http://www.bls.gov/oes/current/oes533033.htm.

included in the amount in controversy; however, those costs were included because of a specific provision of California law. *See Lacross v. Knight Transp., Inc.*, --- F.3d ---, 2015 WL 106179 at *1 (9th Cir. 2015) ("The lease-related and fuel costs are at stake because if plaintiffs prevail on their claim that they are employees, Kinght will be liable for its employees' expenditures related to the ownership and operation of the trucks. *See* Cal. Lab. Code § 2802."). Here by contrast, Plaintiffs' Third Amended Complaint only states a claim for unpaid overtime wages per New Jersey's Wage and Hour Law. (Doc. 1, Notice of Removal, at 73). Accordingly, if they are successful, Plaintiffs will only have a right to recover unpaid overtime wages, and based on a reasonable reading of Plaintiffs' Third Amended Complaint, the value of this right is well below $5 million.

CONCLUSION

For the reasons set forth above, Plaintiffs' Motion for Remand will be granted. An appropriate order will follow.

*/s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.

Superior Court of New Jersey



FILED

APR 2 8 2015

ANA C. VISCOMI, J.S.C.

Honorable Ana C. Viscomi, J.S.C.
Superior Court of New Jersey
Middlesex County Courthouse
56 Paterson Street, P.O. Box 964
New Brunswick, New Jersey 08903

| | |
|---|---|
| CAMILLO ECHAVARRIA, JONATHAN MARK ADELS, JAMES LABRIE, MAYCOL GOMEZ, PLINIO ANGULO, JOSE CRUZ, HENRY RIVERA, JOSE SANTOS, REINALDO RODRIGUEZ, ANDRES CRUZ and CARLOS VARGAS, on behalf of themselves and all other similarly situated persons,<br><br>*Plaintiffs,*<br><br>v.<br><br>WILLIAM SONOMA, INC., J&J TRUCKING, INC., (a/k/a JJP), MXD, I NC., (f/k/a Exel Direct, Inc.), ABC CORP. and JANE AND JOHN DOES,<br><br>*Defendants.* | SUPERIOR COURT OF NEW JERSEY LAW DIVISION;MIDDLESEX COUNTY DOCKET NO. MID-L-6373-12<br><br>Civil Action<br><br>**CASE MANGEMENT ORDER** |

This matter having come before the Honorable Ana C. Viscomi for a Case Management Conference on April 24, 2015, and all counsel having been provided an opportunity for comment, and for good cause having been shown;

IT IS on this 28th day of April, 2015, effective April 20, 2015;

**ORDERED** that the following deadlines shall apply in this matter:

July 20, 2015   Deadline to complete discovery, including depositions. (This may be extended, by consent of counsel, to August 20, 2015).

September 14, 2015 Deadline to submit Consent Order setting forth schedule for motion for class certification and dispositive motions.

September 18, 2015 3:00 p.m. - Case Management Conference in the event Consent Order not submitted.

A copy of this Order shall be served on all parties with seven (7) days.

Hon. Ana C. Viscomi, J.S.C.



UNITED STATES POSTAGE
$ 00.48⁰
APR 29 2015
PITNEY BOWES
02 1R
0002008342
MAILED FROM ZIP CODE 08901

BY DANIELS
NJ 070
29 APR '15
PM 5 1

HON. ANA C. VISCOMI, J.S.C.
SUPERIOR COURT OF NEW JERSEY
MIDDLESEX COUNTY COURTHOUSE
P.O. BOX 964
NEW BRUNSWICK, NEW JERSEY 08903-0964

Peter F. Berk, Esq.
Genova Burns Giantomasi Webster LLC
494 Broad Street
Newark, NJ  07102

07102323005

*# 860*

GENOVA BURNS LLC
John C. Petrella- 003961989
Peter F. Berk- 018592000
494 Broad Street
Newark, New Jersey 07102
TEL: (973) 533-0777
FAX: (973) 533-1112
Attorneys for Defendant, MXD, Inc. ( f/k/a Exel Direct, Inc.)

FILED

JUL 1 3 2015

ANA C. VISCOMI, J.S.C.

| | |
|---|---|
| CAMILLO ECHAVARRIA, JONATHAN MARK ADELS, JAMES LABRIE, MAYCOL GOMEZ, PLINIO ANGULO, JOSE CRUZ, HENRY RIVERA, JOSE SANTOS, REINALDO RODRIGUEZ, ANDRES CRUZ and CARLOS VARGS, on behalf of themselves and all others similarly situated, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION MIDDLESEX COUNTY |

DOCKET NO.:  MID-L- 6373-12

Plaintiffs,

ORDER ADMITTING ANGELA S. CASH *PRO HAC VICE*

v.

WILLIAMS SONOMA, INC., J & J TRUCKING, INC. (a/k/a JJP), MXD, INC. (f/k/a Exel Direct, Inc.), ABC CORP., and JANE AND JOHN DOES,

Defendants.

**THIS MATTER**, having been brought before the Court on the application of Genova Burns LLC, attorneys for Defendant, MXD, Inc. (f/k/a Exel Direct, Inc.) ("Defendant"), for the admission *pro hac vice* of Angela S. Cash to appear as co-counsel on behalf of Defendant, and the Court having considered the Certifications submitted in support of said application, and good cause pursuant to R. 1:21-2(a)(3) having been shown;

**IT IS** on this *13th* day of _____*July*_____, 2015,

**ORDERED** that there is good cause that this matter involves a complex area of law in which Mrs. Cash is a specialist;

**ORDERED** that Angela S. Cash is hereby admitted *pro hac vice* to appear in this matter as co-counsel on behalf of Defendant;

**ORDERED** that the above-named attorney is hereby required to abide by the Rules Governing the Courts of the State of New Jersey, including all disciplinary rules; and it is

**ORDERED** that the above named attorney is hereby directed to, and thereby consent to, appoint the Clerk of the Supreme Court as agent upon whom service of process may be made for all actions against said attorney which may arise out of her participation in this matter; and it is

**ORDERED** that the above-named attorney is hereby required to notify this Court of any matter affecting her standing before the bar of any other Court; and it is

**ORDERED** that the above-named attorney shall have all pleadings, briefs, and other papers filed with the Court signed by an attorney of record authorized to practice in the State of New Jersey and before this Court, who shall be responsible for said papers and for the conduct of the cause and of the aforesaid attorney admitted *pro hac vice* herein;

**ORDERED** that the above-named attorney will not be designated as trial counsel;

**ORDERED** that no adjournment or delay in discovery, motions, trial or any other proceeding will be requested by reason of the above-named attorney's inability to appear;

**ORDERED** that the above named attorneys shall make payment to and otherwise comply with the requirements of the New Jersey Lawyers' Fund for Client Protection as provided for in R. 1:28-2(a), to the Oversight Committee in accordance with R. 1:20-1(b), and to the Lawyer's Assistance Program in accordance with R. 1:28B-1(e), such payment to be made within ten (10) days of this Order;

**ORDERED** that automatic termination of *pro hac vice* admission shall occur for failure to make the required annual payment of the Annual Fee and the annual payment to the Lawyer's

Assistance Fund and the New Jersey Lawyer's Fund for Client Protection.  Poor of such payment after filing proof of the initial payment shall be made no later than February 1 of each year;

**ORDERED** that noncompliance with any of these requirements shall constitute grounds for removal; and

**IT IS FURTHER ORDERED** that a copy of this Order shall be served upon all counsel of record within seven (7) days of the date of this Order.

_____
Hon. Ana C. Viscomi, J.S.C.

Motion:
Opposed:
Unopposed:

GENOVA BURNS LLC
John C. Petrella- 003961989
Peter F. Berk- 018592000
494 Broad Street
Newark, New Jersey 07102
TEL: (973) 533-0777
FAX: (973) 533-1112
Attorneys for Defendant, MXD, Inc. (f/k/a Exel Direct, Inc.)

FILED

JUL 13 2015

ANA C. VISCOMI, J.S.C.

|  |  |
|---|---|
| CAMILLO ECHAVARRIA, JONATHAN MARK ADELS, JAMES LABRIE, MAYCOL GOMEZ, PLINIO ANGULO, JOSE CRUZ, HENRY RIVERA, JOSE SANTOS, REINALDO RODRIGUEZ, ANDRES CRUZ and CARLOS VARGS, on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>WILLIAMS SONOMA, INC., J & J TRUCKING, INC. (a/k/a JJP), MXD, INC. (f/k/a Exel Direct, Inc.), ABC CORP., and JANE AND JOHN DOES,<br><br>        Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION MIDDLESEX COUNTY<br><br>DOCKET NO.: MID-L- 6373-12<br><br>ORDER ADMITTING ALAINA C. HOBBS *PRO HAC VICE* |

**THIS MATTER,** having been brought before the Court on the application of Genova Burns LLC, attorneys for Defendant, MXD, Inc. (f/k/a Exel Direct, Inc.) ("Defendant"), for the admission *pro hac vice* of Alaina C. Hobbs to appear as co-counsel on behalf of Defendant, and the Court having considered the Certifications submitted in support of said application, and good cause pursuant to R.1:21-2(a)(3) having been shown;

**IT IS** on this 13th day of _____July_____, 2015,

**ORDERED** that there is good cause that this matter involves a complex area of law in which Ms. Hobbs is a specialist;

**ORDERED** that Alaina C. Hobbs is hereby admitted *pro hac vice* to appear in this matter as co-counsel on behalf of Defendant;

**ORDERED** that the above-named attorney is hereby required to abide by the Rules Governing the Courts of the State of New Jersey, including all disciplinary rules; and it is

**ORDERED** that the above named attorney is hereby directed to, and thereby consent to, appoint the Clerk of the Supreme Court as agent upon whom service of process may be made for all actions against said attorney which may arise out of her participation in this matter; and it is

**ORDERED** that the above-named attorney is hereby required to notify this Court of any matter affecting her standing before the bar of any other Court; and it is

**ORDERED** that the above-named attorney shall have all pleadings, briefs, and other papers filed with the Court signed by an attorney of record authorized to practice in the State of New Jersey and before this Court, who shall be responsible for said papers and for the conduct of the cause and of the aforesaid attorney admitted *pro hac vice* herein;

**ORDERED** that the above-named attorney will not be designated as trial counsel;

**ORDERED** that no adjournment or delay in discovery, motions, trial or any other proceeding will be requested by reason of the above-named attorney's inability to appear;

**ORDERED** that the above named attorneys shall make payment to and otherwise comply with the requirements of the New Jersey Lawyers' Fund for Client Protection as provided for in R.1:28-2(a), to the Oversight Committee in accordance with R.1:20-1(b), and to the Lawyer's Assistance Program in accordance with R. 1:28B-1(e), such payment to be made within ten (10) days of this Order;

**ORDERED** that automatic termination of *pro hac vice* admission shall occur for failure to make the required annual payment of the Annual Fee and the annual payment to the Lawyer's

Assistance Fund and the New Jersey Lawyer's Fund for Client Protection.  Poor of such payment after filing proof of the initial payment shall be made no later than February 1 of each year;

**ORDERED** that noncompliance with any of these requirements shall constitute grounds for removal; and

**IT IS FURTHER ORDERED** that a copy of this Order shall be served upon all counsel of record within seven (7) days of the date of this Order.

_____
Hon. Ana C. Viscomi, J.S.C.

Motion:
Opposed:
Unopposed:

# Exhibit B

GENOVA BURNS GIANTOMASTI & WEBSTER
James J. McGovern
Peter Berk
494 Broad Street
Newark, NJ 07102
TEL: (973) 533-0777
FAX: (973) 533-1112
Attorneys for Defendant,
MXD Group, Inc.

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CAMILLO ECHAVARRIA, JONATHAN MARK ADELS, JAMES LABRIE, MAYCOL GOMEZ, PLINIO ANGULO, JOSE CRUZ, HENRY RIVERA, JOSE SANTOS, REINALDO RODRIQUEZ, ANDRES CRUZ, and CARLOS VARGAS,<br><br>On behalf of themselves and all other similarly situated persons<br><br>Plaintiffs,<br><br>v.<br><br>WILLIAM SONOMA, INC., J&J TRUCKING, INC. (a/k/a JJP), MXD, Inc. (f/k/a EXEL DIRECT, INC.), ABC CORP., & JANE AND JOHN DOES<br><br>Defendants. | Case No.: _____<br><br>**Class Action Removal From:** Superior Court of New Jersey Law Division, Middlesex County Docket No. MID-L-6367-12 |

<u>DECLARATION OF ANDREW J. BUTCHER</u>

I, Andrew J. Butcher, declare as follows:

1.     I am an attorney licensed to practice law in Washington, D.C. and Indiana, and work at the law firm of Scopelitis, Garvin, Light, Hanson, & Feary P.C.  Based on my position I have personal knowledge of the following facts for which I would testify in open court and under oath if called to do so.

2.     Attached to my declaration as <u>Exhibit 1</u> is an accurate copy of the October 27, 2014 email Plaintiffs' attorney, Ravi Sattiraju, sent me regarding Plaintiffs' citizenship in this case.

3.      Attached to my declaration as <u>Exhibit 2</u>  is an accurate copy of the July 28, 2015 email Plaintiffs' attorney, Ravi Sattiraju, sent regarding the amount-in-controversy.


I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and accurate to the best of my knowledge, and that this declaration was executed on this 26th day of August , 2015.

_____
Andrew J. Butcher

4845-4228-7648, v.  1

2

**Butcher, Andy**

| | |
|---|---|
| **From:** | Ravi Sattiraju [rsattiraju@sattirajulawfirm.com] |
| **Sent:** | Monday, October 27, 2014 11:53 AM |
| **To:** | Butcher, Andy |
| **Subject:** | Re: Citizenship of plaintiffs -- MXD |

Yes.

Sent from my iPhone

On Oct 27, 2014, at 3:51 AM, "Butcher, Andy" <ABUTCHER@scopelitis.com> wrote:

> Ravi, are the plaintiffs citizens of NJ?

CONFIDENTIALITY NOTICE: This message is privileged and confidential for the addressee(s) named above. If you are not the intended recipient, you are prohibited from disseminating, using, or copying the contents and should notify the sender immediately that you received this message in error. The signature(s) within this email does not constitute any binding agreement.

**Butcher, Andy**

| | |
|---|---|
| **From:** | Ravi Sattiraju [rsattiraju@sattirajulawfirm.com] |
| **Sent:** | Tuesday, July 28, 2015 2:36 PM |
| **To:** | Browning, Robert; Butcher, Andy; 'Brian Murphy'; Anthony S. Almeida |
| **Subject:** | Echavarria et al v. MXD and WS et al: Settlement Demand |

FOR SETTLEMENT PURPOSES ONLY
NOT ADMISSIBLE IN ANY PHASE OF LITIGATION

Dear Counsel,

As we discussed, Plaintiffs are making a class wide demand of $4.5 million at this time based upon the testimony elicited during depositions in this matter, particularly of defendants' own witnesses.

Based on a 13-hour workday 5 days a week, each driver and helper works 25 hours of OT per week. NJ requires drivers be paid 1.5 times the minimum wage ($7.25/$8.25) when they work over 40 hours per week. We are estimating that there have been 35 drivers and 35 helpers consistently working since August 2010.

Based on these factors, as well as the risk of Defendants' defeating Plaintiff's motions for summary judgment and class certification (which we feel is low).

I am willing to have this matter proceed to mediation prior to briefing or completion of discovery.

Bob and I have had success mediating with Hunter Hughes from Atlanta, GA in other matters, so I would be willing to work with him again in this matter.

Please let me know your thoughts at your earliest convenience.

Thanks very much.

Ravi

**Ravi Sattiraju, Esq.**
THE SATTIRAJU LAW FIRM, P.C.
116 Village Boulevard, Suite 200
Princeton, NJ 08540
rsattiraju@sattirajulawfirm.com
w: 609.799.1266
f: 609.799.1267
c: 609.235.5731
www.sattirajulawfirm.com

IRS CIRCULAR 230 DISCLOSURE:
To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

CONFIDENTIALITY NOTICE: This e-mail contains information that is privileged and confidential and subject to legal restrictions and penalties regarding its unauthorized disclosure or other use. You are prohibited from copying, distributing or otherwise using this information if you are not the intended recipient. If you have received this e-mail in error, please notify us immediately by return e-mail and delete this e-mail and all attachments from your system. Thank you.