NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CAMILLO ECHAVARRIA, JONATHAN MARK ADELS, JAMES LABRIE, MAYCOL GOMEZ, PLINIO ANGULO, JOSE CRUZ, HENRY RIVERA, JOSE SANTOS, REINALDO RODRIGUEZ, ANDRES CRUZ and CARLOS VARGAS, on behalf of themselves and all other similarly situated persons,<br><br>    Plaintiffs,<br><br>v.<br><br>WILLIAMS SONOMA, INC., J&J TRUCKING, INC., MXD, INC. (f/k/a EXEL DIRECT, INC.), ABC CORP. and JANE & JOHN DOES,<br><br>    Defendants. | Civ. No. 15-6441<br><br>OPINION |

THOMPSON, U.S.D.J.

INTRODUCTION

  This matter has come before the Court on a motion for reconsideration filed by Plaintiffs Camillo Echavarria, Jonathan Mark Adels, James Labrie, Maycol Gomez, Plinio Angulo, Jose Cruz, Henry Rivera, Jose Santos, Reinaldo Rodriguez, Andres Cruz, and Carlos Vargas ("Plaintiffs"). (ECF No. 55). Defendants Williams-Sonoma, Inc. ("WSI") and MXD Group, Inc. ("MXD") oppose the motion. (ECF Nos. 58, 59). Upon consideration of the parties' written submissions and without oral argument pursuant to Local Civil Rule 78.1(b), the Court will deny Plaintiffs' motion.

1

BACKGROUND

Since the parties are familiar with the facts of this case, the Court will only briefly recite the facts relevant to this motion. WSI sells a variety of home goods, including furniture. WSI stores some of its furniture in a warehouse in Monroe, New Jersey. WSI engaged MXD for final mile furniture deliveries, and MXD had a small dispatch office in WSI's Monroe warehouse that coordinated furniture deliveries. MXD did not have its own delivery trucks, but instead hired various transportation companies to actually deliver WSI's furniture to its customers. These transportation companies in turn hired drivers and "helpers" to drive the transportation companies' trucks and assist in delivering the furniture.

Plaintiffs previously worked at WSI's warehouse. Ten of the plaintiffs worked as drivers or helpers. This opinion will refer to them as the "Driver/Helper Plaintiffs." They typically arrived at the warehouse early in the morning, loaded furniture onto their assigned trucks, and then left to make their deliveries. The Driver/Helper Plaintiffs were paid by the various transportation companies. One of the plaintiffs, Jose Cruz, ran a small transportation company. Unlike the Driver/Helper Plaintiffs, he owned his own trucks, he hired a driver and helpers to work with him, and he was paid by MXD. (Jose Cruz Dep. 38-6 at 89-90, 144, 180). None of the plaintiffs were paid by WSI.

All plaintiffs allege that they were misclassified as independent contractors, when they should have been classified as employees, and paid overtime in accordance with the New Jersey State Wage and Hour Law ("NJWHL"). (*See* Pls.' Third Am. Compl., ECF No. 1 at 6-7). Plaintiffs allege that even though the Driver/Helper Plaintiffs were paid by the transportation companies, MXD and WSI are nevertheless employers liable under the NJWHL because they controlled the manner and means of Plaintiffs' employment. (*Id.* at 5).

Plaintiffs filed a complaint alleging violations of the NJWHL in the Superior Court of New Jersey in September 2012. (ECF No. 1). The case was removed to this Court in November 2014, remanded due to an insufficiently large amount in controversy, then removed again in August 2015 once the amount in controversy was sufficiently increased. (*Id.* at 5-7). Plaintiffs, WSI, and MXD moved for summary judgment on November 20, 2015, after almost all discovery was completed. (ECF Nos. 20-22). Plaintiffs also moved for class certification. (ECF No. 19). After an oral hearing and considering the written submissions of the parties, this Court granted WSI's motion for summary judgment, denied MXD's motion for summary judgment, denied Plaintiffs' motion for summary judgment, and denied Plaintiffs' motion for class certification. (ECF No. 54). Plaintiffs subsequently moved for reconsideration. (ECF No. 55). This motion is presently before the Court.

## LEGAL STANDARD

In the District of New Jersey, Local Civil Rule 7.1(i) governs motions for reconsideration. A timely motion for reconsideration may only be granted upon a finding of at least one of the following grounds: "(1) an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice." *Database America, Inc. v. Bellsouth Advertising & Pub. Corp.*, 825 F. Supp. 1216, 1220 (D.N.J. 1993). Reconsideration is an "extraordinary remedy" that is rarely granted. *Brackett v. Ashcroft*, No. 03-3988, 2003 WL 22303078, at *2 (D.N.J. Oct. 7, 2003) (internal citations omitted). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden.'" *G-69 v. Degnan*, 748 F. Supp. 274, 275 (D.N.J. 1990) (citation omitted).

ANALYSIS

Plaintiffs make three primary arguments in their motion for reconsideration. The Court will address each argument in turn.

I. **The ABC Test in *Hargrove v. Sleepy's, LLC***

Plaintiffs argue that this Court's "primary error was in failing to fully address the New Jersey Supreme Court's *Hargrove* decision." (Pls.' Br. at 3-4, ECF No. 55-1). Plaintiffs assert, as they did in their motion for summary judgment, that the *Hargrove* decision established that the ABC Test would be the only applicable test in any employment-status dispute under the NJWHL. (*Id.* at 5 (quoting *Hargrove v. Sleepy's, LLC*, 106 A.3d 449, 463 (N.J. 2015) (holding that "any employment-status dispute arising under the WPL and WHL should be resolved by utilizing the 'ABC' test")). Plaintiffs object to the Court's conclusion that before applying the ABC test, the Court had to make a threshold determination as to who employed the Plaintiffs. (*Id.*). Plaintiffs do not argue that *Hargrove* is an intervening change of law, nor that the Court overlooked *Hargrove*. Plaintiffs merely disagree with the Court's interpretation of *Hargrove*, which is insufficient to carry Plaintiffs' burden on a motion for reconsideration. *G-69*, 748 F. Supp. at 275.

Nevertheless, the Court will briefly address the merits of Plaintiffs' argument. Despite Plaintiffs' insistence to the contrary, *Hargrove* solely answered the question of which test should govern "whether a plaintiff is an employee or independent contractor for purposes of resolving a wage-payment or wage-and-hour claim." *Hargrove,* 106 A.3d at 453. *Hargrove* did not address how a court should determine who employed and potentially misclassified a plaintiff as an independent contractor. *Hargrove* did not address this issue because it did not come up in the case. The *Hargrove* Plaintiffs were employed by a single defendant, with whom they had a signed agreement. *Id.* There was no reason for the Court to explore who else might be liable for

4

misclassifying the plaintiffs, or what test might be appropriate in such an inquiry. Moreover, the *Hargrove* Court was answering a certified question from the United States Court of Appeals for the Third Circuit. *Hargrove,* 106 A.3d at 453. The Third Circuit, as a federal court, would not have asked any question that was not directly relevant to the litigants before it. "Article III denies federal courts the power to decide questions that cannot affect the rights of litigants in the case before them." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990) (quoting *North Carolina v. Rice*, 404 U.S. 244, 246 (1971)). Answering the question of "how should a court determine who employed a plaintiff bringing a NJWHL claim when there are multiple putative employers?" would not have affected the rights of the *Hargrove* litigants, therefore the Third Circuit could not have answered that question. Therefore, the Third Circuit would not have certified that question to the New Jersey Supreme Court. The New Jersey Supreme Court has previously stated, when answering a certified question, that it "does not intend to address any issue beyond the scope of the certified question." *Musikoff v. Jay Parrino's The Mint, L.L.C.*, 796 A.2d 866, 874 (N.J. 2002). Consequently, the New Jersey Supreme Court would not have *sua sponte* answered that question in *Hargrove*, given its "limited" inquiry. *Delta Funding Corp. v. Harris*, 912 A.2d 104, 110 (N.J. 2006) ("Because we have been asked by the Third Circuit to answer a discrete question of state law, our inquiry is limited.").

Plaintiffs argue that since *Hargrove* did not establish any particular threshold test to determine who employed a plaintiff before applying the ABC test, there must not be any such test. (Pls.' Br. at 5, ECF No. 55-1). This is illogical. This Court's previous opinion explores two tests that have been used in this Circuit to determine who employed a given plaintiff. (Op. at 7-9, ECF No. 53). The New Jersey Supreme Court would not have silently overruled these lines of case law, particularly when answering a certified question. Lastly, the Third Circuit itself has stated that the holding of *Hargrove* was "the same test should be used to determine the *nature* of

5

an employment relationship under both the New Jersey Wage Payment Law and the New Jersey Wage and Hour Law." *Hargrove v. Sleepy's LLC*, 612 F. App'x 116, 118 (3d Cir. 2015) (emphasis added). The ABC test is not used to determine the *existence* of an employment relationship, and *Hargrove* does not say otherwise.

Since Plaintiffs do not carry their burden on this point, their motion for reconsideration will be denied as to the ABC test.

### II. The Court's Consideration of the Factual Record

Plaintiffs next argue that the Court "did not sufficiently address the entire factual record when granting WSI's Motion for Summary Judgment." (Pls.' Br. at 11, ECF No. 55-1). Plaintiffs point to testimony about WSI's authority to fire drivers, and several paragraphs in their Statement of Undisputed Material Facts that describe WSI's control over customer service issues. (*Id.* at 12-14). However, this Court's previous opinion acknowledged that Plaintiffs had alleged "WSI had some authority over terminations" and noted that WSI exercised control over customer service issues through MXD. (Op. at 8-9, ECF No. 53). Therefore, Plaintiffs fail to demonstrate that there are any dispositive factual matters that the Court overlooked, or any new evidence. Consequently, Plaintiffs' motion for reconsideration will be denied on this point.

### III. Class Certification and the B Prong of the ABC Test

Lastly, Plaintiffs argue that the Court erred by not specifically analyzing whether the B prong of the ABC test alone would be suitable for class certification. (Pls.' Br. at 14, ECF No. 55-1). Plaintiffs point to other cases where class certification was granted solely on the B prong, and notes that a defendant can be found liable after failing any single prong of the ABC test. (*Id.* at 15). However, as discussed in this Court's previous opinion, ten of the eleven plaintiffs would first need to show that MXD was their employer before moving forward to the ABC test. (Op. at 23, ECF No. 53). Therefore, certifying a class solely to explore the B prong of the ABC test

would not advance the litigation.  The only plaintiff who would not have the additional burden of arguing that MXD was his employer is Jose Cruz, who had a contract with MXD.  (Jose Cruz Dep., ECF No. 38-6 at 181).  However, Jose Cruz was not offered as a named plaintiff, nor was there any briefing on a potential class of transportation company owners like Cruz.  Therefore, the Court had no reason to analyze whether such a class should be certified to litigate the B prong of the ABC test.

Additionally, Plaintiffs do not offer any new precedent or new evidence to demonstrate why this argument merits reconsideration, nor do they show a clear error of law or manifest injustice.  Therefore, Plaintiffs' motion for reconsideration will be denied on this point.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion for reconsideration will be denied.  An appropriate order will follow.

                                               */s/ Anne E. Thompson*
                                               ANNE E. THOMPSON, U.S.D.J.

Date: April 27, 2016